■ NORMAN ROLLINS, SR., Appellant, v. MALEASE ROLLINS, Respondent.— Order unanimously reversed, without costs, and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: This application for a modification of a support order should not have been denied without a full hearing. A new hearing should be held to ascertain in detail the circumstances of the parties and to determine the amount of support the husband should be required to pay for his children. (Family Ct. Act, §§ 413, 433, 451; *Matter of Pavich v. Pavich,* 24 A D 2d 482; *Reiss v. Reiss,* 23 A D 2d 692; *Matter of Gilbert v. Gilbert,* 23 A D 2d 757.) (Appeal from order of Monroe County Family Court denying petition to modify support order.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

■ MIMI R. WOLNSTEIN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45610.) — Judgment unanimously modified on the law and facts by reducing the amount of the award for damages by $16,278 making the award $187,922.21 and as so modified affirmed, without costs. Memorandum: Appellant contends that, in calculating the net income of the property, allowance should have been made for vacancies and for a management fee. The property having had no vacancies since the building thereon was erected in 1934 and the entire premises being rented by a long-term lease to a responsible tenant who expended $35,000 in improving the building in 1957, we conclude that no such allowances were required. (Cf. *Matter of City of New York* [*Maxwell*], 15 A D 2d 153, 163.) Appellant also contends that an insufficient amount was allowed for the annual expense of insurance premiums. The State's appraiser testified that he was informed by the insurance agent from whom the insurance was obtained that the annual amount of the premium paid by the owners was $835. The owners, who were in the best position satisfactorily to show the amount of such expense, failed to do so. On the record we find such annual expense to be $835 as claimed by appellant. Appellant's appraiser estimated annual expenses for repairs to be $450. The owners' appraiser estimated such expenses at $100 but, in doing so he did not consider elevator repairs, painting and replacing the roof. We find the estimated annual expense for repairs to be $450 as claimed by appellant. In allowing $158,600 for the improvements on the land the trial court failed to make findings of the factors upon which the building value could properly be based. There being sufficient evidence in the record from which appropriate findings may be made we have re-evaluated the proof and make additional findings as follows: Annual gross income amounts to $25,990. Estimated annual expenses are found to be: taxes $6,400, insurance $835 and repairs $450, amounting in all to $7,685, leaving an estimated net income of $18,305. We attribute therefrom to the land $5,496 ($91,600 at 6%) leaving the sum of $12,809 attributable to the improvements. This sum we capitalize at 9% which produces $142,322 as the value of the improvements. These found land and improvement values ($91,600 plus $142,322) produce a total of $233,922 from which $51,545 is deducted to satisfy the tenant's claim, leaving $182,377 which with a tax adjustment of $5,545.21 makes $187,922.21 to be awarded to respondents. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.