■ In the Matter of ERNEST H. (ANONYMOUS), by His Mother and Natural Guardian, DOLORES H., Appellant, v I. LEO GLASSER, Individually and as Judge of the Family Court, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to reinstate Charles Schinitsky and the Legal Aid Society and Rhoda J. Cohen of counsel, as attorney and Law Guardian for petitioner as respondent in a pending juvenile delinquency proceeding, petitioner appeals from an order of the Supreme Court, Kings County, entered June 24, 1975, which denied the petition. Order affirmed, without costs. An article 78 proceeding seeking relief in the nature of prohibition does not lie in the instant case since it cannot be said that respondent has proceeded in excess of his broad powers in the delinquency proceeding. Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.

■ In the Matter of JERICHO COLLISION REPAIRS, INC., et al., Appellants, v JAMES BAKER et al., Respondents, et al., Intervenor.—In a proceeding pursuant to CPLR article 78 *inter alia* to annul and rescind a certain promulgated plan of the County of Nassau to procure bids for the designation as a county garage, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered June 25, 1975, which dismissed the petition. Judgment affirmed, with $20 costs and disbursements, on the opinion at Special Term. Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ In the Matter of MARYLYN KRAMER, Respondent, v IRA KRAMER, Appellant.—In a proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated August 22, 1974, which granted petitioner's application for an upward modification of the alimony and support provisions of a judgment of divorce. Order reversed, on the law, without costs, and proceeding remitted to the Family Court for a hearing in accordance herewith. In view of the existence of disputed issues of fact as to appellant's income, the needs of the children and petitioner's income and present expenses, it was error for the Family Court to grant a modification of the alimony and support provisions of the Supreme Court divorce decree without ordering a hearing at which sworn testimony and other evidence could have been presented on these issues. Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.