■ DOUGLAS R. WILLIAMS, Appellant, v SALLY P. HELBIG et al., Respondents.—Order and judgment unanimously affirmed, without costs, on the opinion at Special Term, Wagner, J. (See, also, *Vidra v Shoman,* 59 AD2d .714.) (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Dillon and Denman, JJ. [92 Misc 2d 32.]

■ ELLEN HUBER, Appellant, v JEROME HUBER, Respondent.—Order unanimously reversed, without costs, and matter remitted to Erie County Family Court for a hearing in accordance with the following memorandum: Petitioner brought this proceeding for modification of an order of child support, alleging changed circumstances. An order was entered directing respondent to provide necessary medical and dental expenses for the children, but otherwise dismissing the petition insofar as increased support payments were requested. This dismissal was contingent upon the receipt of wage statements verifying respondent's unsworn assertion that his financial situation had not substantially changed. Subsequently, financial statements were submitted by both parties, revealing unresolved issues of fact concerning the income and needs of the parties. However, no hearing was held following receipt of these financial statements and the court merely entered a second order which continued its prior order dismissing the petition, without allowing petitioner an opportunity to be heard on these issues. When a party seeks modification of a prior support order based upon a change in circumstances, the court should conduct a full hearing to determine whether the alleged change warrants modification *(Matter of Monesi v Monesi,* 55 AD2d 1020; *Rollins v Rollins,* 33 AD2d 990). Here, although the court conducted a discussion with the parties and their attorneys prior to entry of its first order, in view of the existence of disputed issues of fact as to income and expenses following receipt of the financial statements, it was error to deny the petition without conducting a hearing at which testimony and other evidence could have been presented on these issues (see *Matter of Kramer v Kramer,* 49 AD2d 907). Accordingly, this matter is remitted for further proceedings in accordance with this memorandum. (Appeal from order of Erie Family Court—support.) Present—Marsh, P. J., Moule, Simons, Dillon and Denman, JJ.

■ In the Matter of HOWARD H. HALL.—Motion for reconsideration of order of disbarment denied. Present—Marsh, P. J., Moule, Dillon, Denman and Witmer, JJ.

■ MACFARLAND BUILDERS, INC., Respondent, v CITY OF UTICA, Appellant.—Motion granted and temporary restraining orders vacated pending hearing and determination of appeal upon condition that appellant's records and briefs are filed and served on or before November 30, 1977. (Order entered Nov. 4, 1977.)