■ DOLORES SOLIMINE, Appellant, v FRANK J. SOLIMINE, Respondent.—In an action in which the plaintiff wife had been granted a judgment of separation, she appeals from an order of the Supreme Court, Suffolk County, dated June 15, 1977, which, without a hearing, denied her motion, *inter alia,* to increase the child support provisions of the said judgment and for a money judgment for arrears. Order reversed, without costs or disbursements, and action remanded to the Special Term for a hearing on the issues raised on plaintiff's application. Plaintiff-appellant has raised issues concerning modification of the provisions of the judgment of separation regarding, *inter alia,* (1) child support and (2) future distribution of the proceeds from the sale of the former marital home. Plaintiff should be afforded an opportu-

nity to demonstrate the increased need of her son and defendant-respondent's ability to increase his payments. Additionally, plaintiff has been paying all the carrying charges on the home and has thusly altered the parties' beneficial interest therein. The division of any proceeds from the sale of the home should take the parties' relative interests into account (see *Hewson v Hewson,* 58 AD2d 515). It also appears that Special Term erred in computing the amount of support due during the period of January 1, 1976 through March 31, 1977. At the hearing, the court should examine the amount due for each week during this period (child support payments were halved on June 20, 1976 due to the emancipation of one child) and compare the total due with the amount paid as evidenced by defendant's canceled checks. At the completion of the hearing, the court should determine, pursuant to subdivision (b) of section 237 of the Domestic Relations Law, whether a counsel fee should be awarded. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.