■ In the Matter of Sadie Nusbaum, Petitioner, v Barbara Blum, as Commissioner of the Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs. (See *Matter of Rinefierd v Blum,* 66 AD2d 351.) (Article 78 proceeding transferred by order of Oneida Supreme Court.) Present—Dillon, P. J., Cardamone, Callahan, Doerr and Moule, JJ.

■ Helen Frank, Appellant, v Harold Krauss, Respondent.—Order unanimously reversed, without costs, and matter remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner brought this proceeding to enforce the support provision contained in a decree of divorce granted in her favor in Supreme Court, Erie County, dated February 14, 1977 which directed respondent to pay her $50 per week. She also sought to recover certain arrearages and counsel fees. Financial statements were submitted by both parties, revealing unresolved issues of fact concerning the income and needs of the parties. Although the court conducted a discussion with the parties and their attorneys, no hearing was held following the receipt of the financial statements. The court merely entered an order modifying the order petitioner sought to enforce and directed respondent to pay $15 per week to petitioner. All arrearages were canceled. The court made no findings in support of its order so a review thereof is impossible. A court may not modify a prior support order because of a change in circumstances without conducting a full hearing to determine whether the alleged change in circumstances warrants modification *(Huber v Huber,* 59 AD2d 1063; *Matter of Monesi v Monesi,* 55 AD2d 1020; *Rollins v Rollins,* 33 AD2d 990). Further, it was improper for the court to take action and grant relief (modification) without the matter being properly before it or without appropriate notice to one of the parties affected (Family Ct Act, § 422, subd [b]; § 426). Even if the proceedings before the court are construed as an application by respondent for modification, such informal notice for otherwise undemanded relief does not constitute adequate notice to petitioner and she is thereby prejudiced *(Sipos v Kelly,* 66 AD2d 1022). (Appeal from order of Erie County Family Court—support.) Present—Dillon, P. J., Cardamone, Callahan, Doerr and Moule, JJ.