■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN STRIBLING, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 1, 1975, convicting defendant after jury trial and imposing sentence, unanimously modified, on the law, to reverse the conviction for common-law murder, vacate the sentence thereon and dismiss the second count of the indictment. Except, as so modified, the judgment is affirmed. On the facts of this case, there was a reasonable doubt as a matter of law whether defendant was guilty of common-law murder. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.

■ MEL Z. TARR, Appellant-Respondent, v EMILY TARR, Respondent-Appellant, and ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor. —Order, Supreme Court, New York County, entered December 12, 1978, which denied plaintiff's (husband) motion for a downward modification of the child support provisions of the judgment of divorce awarded plaintiff against defendant (wife) and denied defendant's motion for an upward modification of the same provisions, denied plaintiff's application for an award of counsel fees against defendant and awarded defendant counsel fees in the amount of $350, unanimously reversed, on the law and on the facts, without costs and disbursements, and the matter remanded for a hearing on the respective applications for modification of the child support provisions of the divorce judgment and on the applications for counsel fees under section 237 of the Domestic Relations Law. On this record it is clear that both parties have submitted sufficient proof to warrant an evidentiary hearing (which was not directed by Special Term) as to whether or not the circumstances of the children or plaintiff, or both, have changed to the extent of warranting a modification of the child support provisions of the divorce judgment—either downward or upward. (See *Franklin v Leff,* 54 AD2d 673; see, also, *Huber v Huber,* 59 AD2d 1063.) The motion by plaintiff to strike defendant's affidavit filed in lieu of brief is granted to the extent that any matter contained in such affidavit *dehors* the record and not subject to judicial notice is not considered, and that such affidavit is viewed as functioning solely as a brief submitted by defendant-respondent. In view of the relief directed above, the court need not and does not consider at this time the plaintiff's argument that section 237 of the Domestic Relations Law is unconstitutional in light of *Orr v Orr* (440 US 268). Concur—Fein, J.P., Sullivan, Lane, Lupiano and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GERUSO, Appellant.—Judgment, Supreme Court, New York County, rendered on April 14, 1978, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Kupferman, J. P., Lane, Lupiano, Silverman and Lynch, JJ.