■ ARTHUR WILCOX et al., Appellants, v JEFFERSON COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent.—Order unanimously affirmed, without costs. Memorandum: By order to show cause, appellants applied to Special Term for an injunction prohibiting the respondent from conducting its business in a manner which allegedly was beyond its authority. No action having been commenced, there was no action pending in which a preliminary injunction could have been granted (CPLR 6301). Nor had a special proceeding been instituted. Thus, Special Term could not have granted the relief and it properly denied the application. It is unnecessary to reach the other issues presented. (Appeal from order of Jefferson Supreme Court—injunction.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM M. PRICE, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. (See *People ex rel. Phillips v Smith,* 70 AD2d 764.) (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THADDEUS CAMPBELL, Appellant.—Judgment unanimously affirmed. *(People v Crawford,* 71 AD2d 38.) (Appeal from judgment of Monroe County Court—criminal sale controlled substance, third degree.) Present—Cardamone, J. P., Simons, Hancock Jr., Schnepp and Witmer, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of THERESA I. CONNELL, Petitioner, v CANADA LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents.—Order and determination unanimously confirmed, without costs. (Proceeding pursuant to Executive Law, § 298.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ GEORGE A. BROTHERTON, Respondent, v PATRICIA E. BROTHERTON, Appellant.—Order unanimously affirmed, without costs. Memorandum: The petition in this proceeding (Family Ct Act, § 461) failed to allege any change in the circumstances of the child or father sufficient to warrant an evidentiary hearing to determine whether modification of the child support provision of the divorce judgment was warranted *(Tarr v Tarr,* 70 AD2d 504; *Huber v Huber,* 59 AD2d 1063). There is no claim that the child's inability to function within the public school system necessitated her enrollment in a private school *(Matter of Monesi v Monesi,* 55 AD2d 1020). Further, the mere fact that the child has grown older does not serve as a basis for increased support absent any other showing *(Roller v Roller,* 64 AD2d 854, 855). Our affirmance is without prejudice, however, to a renewal of the application in Family Court on an appropriate showing, if appellant be so advised. (Appeal from order of Jefferson County Family Court—modify divorce judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.