■ GALE VAN NIEL, Appellant, v ROBERT VAN NIEL, Respondent. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for a hearing, in accordance with the following memorandum: When a party seeks modification of a prior support order based upon a change in circumstances, the court should conduct a full hearing to determine whether the alleged change warrants modification (see *Huber v Huber,* 59 AD2d 1063; *Matter of Monesi v Monesi,* 55 AD2d 1020; *Rollins v Rollins,* 33 AD2d 990). If such a request for increased child support is predicated on the child's right to receive adequate support, the principles iterated in *Matter of Boden v Boden* (42 NY2d 210) do not alter the court's power to order support (*Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). It is no longer necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase. "It is sufficient in such a case that a change in circumstances has occurred warranting the increase in the best interests of the child" (*Matter of Michaels v Michaels,* 56 NY2d 924, 926; *Pfleger v Westfall,* 90 AD2d 978). Inasmuch as the moving papers raise disputed issues of fact as to these matters, it was improper to deny the petition without conducting a hearing on the issue. (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — modify divorce decree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL COOKE, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from convictions after a jury trial for two counts of rape, first degree, and lesser offenses, defendant urges that the trial court should have suppressed the in-court identification testimony of one Vernell Brown because the photographic array shown to her before trial and admitted into evidence at the *Wade* hearing was not kept intact for viewing by this court and because Vernell Brown viewed the array in the presence of another potential witness. We disagree. The *Wade* court's finding that there was an independent basis for Vernell's in-court identification is supported by the evidence (see *People v Adams,* 53 NY2d 241). We note that the *Wade* court found the array not to be suggestive and that defendant makes no factual allegations from which we could infer suggestiveness. Also, there is nothing in the record to suggest that Vernell Brown's viewing of the array was anything but inadvertent or that the other witness said or did anything which might have influenced her identification. Defendant raises for the first time on appeal the contention that his arrest was illegal under *Payton v New York* (445 US 573) and that therefore his confession, taken at the station house shortly thereafter, should have been suppressed. He has failed to preserve the issue (see *People v Gonzalez,* 55 NY2d 887; *People v Smith,* 55 NY2d 888; *People v Norwood,* 89 AD2d 878) and we see no reason to reach it in the interest of justice. We have examined the other points raised on appeal and find no basis for reversal. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — rape, first degree, and other charges.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.