◼ MARJORIE J. KLEINBERG, Formerly Known as MARJORIE J. GERSHMAN, Appellant, v RICHARD S. GERSHMAN, Respondent.—In a matrimonial action, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated October 12, 1984, as denied her application for an increase in child support and an award of counsel fees, without a hearing, and which further denied her motion for leave to conduct an examination before trial of the defendant husband.

Order reversed, insofar as appealed from, with costs, plaintiff's motion to conduct an examination before trial of the defendant granted and matter remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith. The

examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days to be given by the plaintiff, or at such other time and place as the parties may agree.

Special Term erred to the extent that it disposed of plaintiff's application for an upward modification in child support without the benefit of an evidentiary hearing. It is readily apparent, from the motion papers submitted, that a sharp dispute exists with respect to whether the current level of child support defendant is obligated to pay is sufficient to satisfy the needs of the two children of the marriage. Legal precedent, as well as the dictates of conscience, requires that a hearing be conducted in order to insure that the best interests of these children are met and that adequate support is provided *(see, e.g., Tarr v Tarr,* 70 AD2d 504; *Solimine v Solimine,* 60 AD2d 647; *Huber v Huber,* 59 AD2d 1063).

We further note that in the stipulation of settlement executed by the parties, defendant, in exchange for the right to automatically reduce the amount of his support obligation in the event of plaintiff's remarriage, agreed that plaintiff would have the right to seek a de novo hearing on the support issue. Accordingly, the court erred in denying plaintiff the opportunity to exercise this right.

On remand, the hearing court is also directed to consider any evidence presented with regard to whether plaintiff is entitled to an award of counsel fees in connection with the instant application.

Finally, we see no reason to deny plaintiff the opportunity to examine defendant, before the hearing, as to his present financial circumstances, in view of the policy favoring liberal disclosure of finances in matrimonial actions *(see, Colella v Colella,* 99 AD2d 794; *Garrel v Garrel,* 59 AD2d 885). Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.