■ In the Matter of the FORECLOSURE OF TAX LIENS, Pursuant to Article 11, Title 3, of the Real Property Tax Law, By The CITY OF NEWBURGH, Respondent. PRUDENTIAL HOME MORTGAGE COMPANY, INC., Appellant. [640 NYS2d 229] —In an in rem tax foreclosure proceeding, the City of Newburgh appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 31, 1994, which granted the motion of Prudential Home Mortgage Company, Inc., to enjoin the City of Newburgh from selling certain real property and directed the City of Newburgh to accept payment for unpaid taxes from Prudential Home Mortgage Company, Inc., in exchange for the transfer of a deed. The City of Newburgh's notice of appeal from an order dated September 28, 1994, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order dated September 28, 1994, is vacated, and the motion of Prudential Home Mortgage Company, Inc., is dismissed.

Prudential Home Mortgage Company, Inc. (hereinafter Prudential), held a mortgage on a house in Newburgh, which the City of Newburgh (hereinafter the City) acquired by a judgment dated November 23, 1993, in an in rem tax foreclosure proceeding. Thereafter, the Newburgh City Council passed a resolution permitting the redemption of certain properties, including the one in which Prudential had an interest, by the owners or lienors, if payment was made to the City by February 28, 1994. Prudential sent a check, through its attorneys, by overnight mail on February 25, 1994. However, the City did not receive the payment until March 1, 1994, at which time the City rejected it.

Subsequently, Prudential moved by order to show cause in the in rem tax foreclosure proceeding, *inter alia,* to enjoin the City from selling the property. After a hearing, the Supreme Court enjoined the City from selling the property, and ordered the City to accept the payment from Prudential and to transfer the deed to the property to Prudential. On appeal, we reverse.

The Supreme Court did not have jurisdiction to grant Prudential's motion for an injunction in the in rem tax foreclosure proceeding because that proceeding had terminated with entry of the judgment dated November 23, 1993 (*see, Niagara Mohawk Power Corp. v Great Bend Aggregates,* 181 AD2d 998; *Wilcox v Jefferson County Indus. Dev. Agency,* 73 AD2d 1062).

In any event, contrary to Prudential's contention, the record shows that the City administered its resolution regarding redemption of the foreclosed properties in an even-handed manner and thus, there was no violation of any constitutional protection provided to Prudential's property interest. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.