In the Matter of the Estate of LAURA A. VAN VECHTEN, Deceased.

Surrogate's Court, Franklin County, November 4, 1938.

*John P. Badger,* for the executor, appellant.

*J. Francis Foran,* for the New York State Tax Commission, respondent.

CAREY, S.   This is an appeal from the *pro forma* order assessing the tax in the estate of the above-named decedent, who died on the 6th day of May, 1937, a resident of the town of Chateaugay, county of Franklin, State of New York, leaving a last will and testament dated March 22, 1936, which was duly admitted to probate in the Surrogate's Court of this county on June 4, 1937.

Two questions are presented by the appellant, first, was the appraisal of a two-fifths part of the decedent's residuary estate as part of the net estate proper? Second, was the inclusion in full of bank accounts, amounting to the sum of $7,683.75, in the joint names of the decedent and one John F. Knapp, proper, no reference being made in the will as to the disposition of such bank accounts?

As to the first question, the will provides as follows: " (d) I give and bequeath two of said parts to my trustee hereinafter named

but upon trust nevertheless to hold, invest and reinvest the same and to collect the rents, income and profits thereof and from time to time to pay over all of such portion of the principal and of the rents, income and profits thereof as he in his uncontrolled discretion may determine to such Protestant Missionary Enterprises of a charitable and religious nature as he in his uncontrolled discretion may determine. I authorize and empower my said trustee to provide in his last will and testament for the payment, absolutely, of any such trust funds remaining at his death, to such Protestant Missionary Enterprises of a charitable and religious nature, and in such shares, as he may direct, and I further authorize and empower my said trustee to designate in his last Will and Testament some person as trustee to make said payment."

The following is a copy of paragraph " twelfth " from the will of testatrix: " I hereby nominate, constitute and appoint John F. Knapp as the executor of and as the trustee under this my Will, and I hereby direct that no bond or other security be required of said John F. Knapp, or of any person or persons designated in his Last Will and Testament pursuant to Paragraph ' Eleventh ' (d) hereof, for the faithful performance of his or their duties as executor or as trustee or trustees hereunder in any jurisdiction."

The claim is made by the attorney for the State Tax Commission that this bequest is so indefinite and uncertain that it cannot be enforced. In this connection section 12 of the Personal Property Law provides as follows:

" 1. No gift, grant, or bequest to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this State, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, or bequest there is a trustee named to execute the same, the legal title to the property given, granted, or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such property shall vest in the Supreme Court. * * *

" 2. The Supreme Court shall have control over gifts, grants and bequests in all cases provided for by subdivision one of this section, and, whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift, grant or bequest to religious, educational, charitable or benevolent uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may, upon the application of the trustee or of the person or corporation having the custody of the property, and upon such notice

as the court shall direct, make an order directing that such gift, grant or bequest shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument, without regard to and free from any specific restriction, limitation or direction contained therein; provided, however, that no such order shall be made without the consent of the donor or grantor of the property, if he be living. The Surrogate's Court of the county wherein the will is probated shall have jurisdiction concurrent with that conferred herein upon the Supreme Court, and in an appropriate proceeding may make a decree which shall direct that any such bequest in a will to religious, educational, charitable or benevolent uses shall be administered or expended in such manner as in the judgment of the surrogate will most effectually accomplish the general purposes of such bequest, without regard to and free from any specific restriction, limitation or direction contained in the will.

" 3. The Attorney-General shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in the courts."

The respondent relies, among others, on the case of *Matter of Shattuck* (193 N. Y. 446), where the bequest in question, which reads as follows: " All the rest, residue and remainder of my real and personal property, I give, devise and bequeath to my executor hereinafter named, in trust, however, the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as in his judgment shall seem advisable, not more than $500.00 however, to be paid to any one such institution in any one year," was held invalid for the reason that it was too indefinite. The Court of Appeals has held that in the case of *Matter of Durbrow* (245 N. Y. 469) *Matter of Shattuck* has been confined strictly to its own facts and, in the same case, held that a bequest which reads as follows was valid: " All the rest, residue and remainder of my estate, real as well as personal and wheresoever situate, of which I may die seized or possessed, I direct my Executor or Executrix hereinafter named to distribute where he, or she as his successor or substitute, in his or her judgment shall consider it will be most effective in the advancement of Christ's kingdom on earth."

It seems that the bequest last cited is far more indefinite and uncertain than the one here in question wherein there certainly is a limitation as to use by specifying " Protestant Missionary Enterprises of a charitable or religious nature." It is contended that by the words " as he in his uncontrolled discretion may deter-

mine," the gift, otherwise valid as a charitable trust, is defeated and rendered an absolute gift. It clearly has been the policy of the courts of this State to endeavor to sustain, wherever possible, such charitable bequests as are made. This is in keeping with the policy established by section 12 of the Personal Property Law. Although the trustee might, in the exercise of his uncontrolled discretion, refuse to allocate the funds to one or several particular Protestant missionary enterprises, nevertheless, by the provisions of section 12 of the Personal Property Law in an action instituted by the Attorney-General, he could be called upon to account. Further, it seems that after the lapse of a reasonable period of time the trustee could be compelled by the Supreme Court or Surrogate's Court to allocate the funds to a particular Protestant missionary enterprise in order to effectuate the terms of the will and the intention of the testatrix. This bequest then appears to be of the character intended to be protected by section 12 of the Personal Property Law, and in the court's opinion, therefore, is a charitable bequest within the meaning of section 249-s of the Tax Law, which determines the net estate as being the value of the gross estate less the amount of all bequests, legacies, devises or transfers to or for the use of any corporation wheresoever incorporated or located, organized and operated exclusively for religious, charitable, scientific, literary, patriotic, historical, bar association or educational purposes. So far then as the first question is concerned, the appellant has been successful and the bequest made in subdivision " d " of paragraph eleventh should be considered as exempt from tax.

In regard to the second question, namely, should the full amount of the bank accounts as set forth in the tax schedule in the joint names of the decedent and John F. Knapp be taxed or only one-half thereof, the court is of the opinion that the full amount should be taxed for the reasons set forth below. The decedent died on the 6th day of May, 1937, and, therefore, the appraisal and assessment of tax of her estate is determined by article 10-C of the Tax Law and by subdivision 5 of section 249-r of the Tax Law, which reads as follows:

" § 249-r. Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated (except real property situated and tangible personal property having an actual situs outside this State): * * *

" 5. To the extent of the interest therein held as joint tenants by the decedent and any other person * * * in their joint

names and payable to either or the survivor except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth."

By this section then there should be included in the gross estate the full amount of all property, real or personal or intangible, held jointly by the decedent and another person, except such part as is shown to have originally belonged to such person other than the decedent. It appears that no evidence was presented to the county treasurer in the appraisal of this estate for tax purposes showing that all or any part belonged to Knapp. Inasmuch as it appears that the burden of showing some part of the joint bank accounts belonged to a person other than the decedent is upon the representative of the estate and that no such proof has been offered, the appraiser was justified in taxing the full amount.

The appeal is, therefore, allowed as to the bequest contained in subdivision " d " of paragraph eleventh, which is found to be a bequest for a charitable and religious purpose within the meaning of section 249-s of the Tax Law, and the order assessing the tax will be modified accordingly, but in all other respects will be affirmed.