### (May 11, 1978)

■ CLAUDIA WALDEN, Respondent, v JUDITH NOWINSKI, Appellant, et al., Defendants. (Action No. 1.) (And Two Other Actions.)—Order, Supreme Court, New York County, entered June 14, 1977, granting plaintiff's motion to strike four affirmative defenses contained in defendant's amended answer improperly served without leave (CPLR 3025, subd [b]) and denying the cross motion to serve the amended answer *nunc pro tunc,* with leave to renew the cross motion on submission of proper papers, unanimously affirmed, with $60 costs and disbursements of this appeal to respondent. It is undisputed on this record that defendants improperly served their amended answer without requisite leave of court as required by CPLR 3025 (subd [b]). This purported amended pleading, served November 18, 1975, some three months after service of the original answer, alleged as a second affirmative defense in mitigation of damages, that plaintiff was not wearing seat belts at the time of the accident. Plaintiff's attorneys retained the amended answer for more than 14 months, until January 24, 1977, when they moved to strike the affirmative defense. This was precipitated by the fact that a second amended answer asserting the defense was served, as authorized by an order of consolidation. Although it is obvious that plaintiff could have moved much sooner to strike the first amended answer, it is equally clear that the service of that pleading by defendants was improper, contrary to applicable court rules and approved practice. The amended answer, served without requisite leave, was a nullity. Nor does CPLR 3025 (subd [b]) contemplate or authorize a motion for leave, *nunc pro tunc,* where the original service was ineffectual because made without requisite leave and contrary to the applicable rules. Special Term properly denied the cross motion for leave to serve the amended pleading. The papers submitted in support of the cross motion are palpably insufficient. Such a motion must be

supported by an affidavit of merits and other evidentiary proof that could properly be considered upon motion for summary judgment *(Cushman & Wakefield v David,* 25 AD2d 133). The affidavit of counsel submitted in support of the cross motion is without probative value and is insufficient for that purpose *(De Carlo v Economy Baler Div. of Amer. Hoist & Derrick Co.,* 57 AD2d 1002). Nor is there any attempt to excuse defendants' failure to assert the defense sought to be interposed in their original responsive pleading. Moreover, where, as here, Special Term has, in its discretion, denied a motion with leave to renew upon submission of proper papers, the appropriate remedy is not to appeal to this court from the exercise of such discretion, but rather to move at Special Term supported by the necessary and proper papers found to be lacking upon the original application. Concur —Murphy, P. J., Lupiano, Silverman, Fein and Sullivan, JJ.