■ GUSTAVE SCHOENBORN, JR., et al., Appellants, v KINDERHILL CORPORATION, Respondent. — Appeals (1) from an order and judgment of the Supreme Court at Special Term (Pennock, J.), entered September 9, 1982 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from two orders of said court, entered December 17, 1982 in Greene County, which resettled the prior order and denied plaintiffs' motion to reargue or renew the motion for summary judgment. Plaintiffs each own one fractional share out of a total of 40 shares evidencing ownership of a syndicated thoroughbred stallion named Cormorant. The original syndication agreement, which provided that the stallion be maintained and bred by one Stanley T. Greene, Jr., at Virginia Stallion Station in Virginia, was amended effective January 3, 1980 by the addition of paragraph 5.1 (e) to substitute defendant as syndicate manager in place of Greene and further provided that the stallion stand at Schoenborn Brothers Farm at Climax, New York, instead of Virginia Stallion Station. On September 21, 1981, a meeting of the fractional owners was held at defendant's offices to vote upon a proposal to move the stallion to Dutch Acres Farm in Old Chatham, New York. There were allegedly 22 votes both by proxy and in person in favor of the move and 10 opposed. Plaintiff Gustave Schoenborn, Jr., commenced this action on September 23, 1981 seeking a permanent injunction preventing defendant from moving the stallion to Dutch Acres Farm, for judgment declaring the rights and liabilities of the parties under the syndication agreement and that 27 affirmative votes be required to remove the stallion from Schoenborn Brothers Farm. Plaintiff obtained an order to show cause dated September 23, 1983 containing a temporary restraining order preventing removal and, on September 29, 1981, defendants obtained an order requiring an undertaking in the sum of $50,000. On October 13, 1981, plaintiff Schoenborn (joined by plaintiff William D. Carter) served an amended complaint restating the allegations of the complaint and alleging, in addition, fraudulent misrepresentations in the meeting notice. Following a four-day hearing, Special Term granted plaintiffs' motion for a preliminary injunction in an order made December 7, 1981. Following a January 6, 1982 meeting of syndicate members at which time 23 votes were cast in favor of moving the stallion and 16 against, Schoenborn Brothers Farms relinquished custody of the stallion and it was moved to Dutch Acres Farms. Defendant moved on January 14, 1982 for summary judgment pursuant to CPLR 3212 without having answered the amended complaint. Special Term granted the motion in an order and judgment entered September 9, 1982, holding that the syndicate agreement was unambiguous on its face in requiring only 21 votes in favor of a move, and that the allegations of fraudulent misrepresentation in the amended complaint failed to present triable issues of fact. Two orders entered December 17, 1982 amended the prior order but denied plaintiffs' motion for reargument or renewal. These appeals ensued. The motion for summary judgment was made pursuant to CPLR 3212

and, although not designated in the notice of motion as the subdivision utilized, subdivision (a) thereof states: "Time; kind of action. Any party may move for summary judgment in any action, *after issue has been joined*" (emphasis added). It is undisputed that defendant has not answered the amended complaint. Special Term did not address this issue, nor has defendant responded to it on this appeal. It is clear that the motion was premature and should have been denied (*Miller v Nationwide Mut. Fire Ins. Co.*, 92 AD2d 723, 724; *Grossman v Laurence Handprints — N. J.*, 90 AD2d 95, 98; *Alro Bldrs. & Contrs. v Chicken Koop*, 78 AD2d 512). An amended complaint having been served, it superseded the original complaint and became the only complaint in the case (*Halmar Distrs. v Approved Mfg. Corp.*, 49 AD2d 841). As such, Special Term was powerless to grant summary judgment pursuant to CPLR 3212 (*Grossman v Laurence Handprints — N. J., supra; Milk v Gottschalk*, 29 AD2d 698; see, also, 6 Carmody-Wait 2d, NY Prac, § 39:17, p 458). Having determined that the motion was improperly granted, we do not reach the remaining contentions. Order and judgment entered September 9, 1982 reversed, on the law, and motion for summary judgment denied, with costs. Appeals from orders entered December 17, 1982 dismissed as academic, and said orders vacated. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.