■ NET REALTY INVESTMENT TRUST et al., Appellants-Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents, and GARDEN CITY UNION FREE SCHOOL DISTRICT No. 13 et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to a refund of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, which resolutions were held invalid by the Court of Appeals *(see, Matter of Walker v Board of Assessors,* 66 NY2d 702), the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated June 22, 1987, as denied them refunds of excess taxes paid as a result of the improper revocation of their exemptions, and the school districts cross-appeal from so much of the same order and judgment as failed to dismiss the complaint insofar as it is asserted against them.

Ordered that the cross appeal of Valley Stream Union Free School District No. 13 is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order and judgment is reversed insofar as appealed from by the plaintiffs and cross-appealed from by the remaining school districts, on the law, without costs or disbursements, it is declared that those school districts are not liable for tax refunds, and the complaint is dismissed insofar as it is asserted against them; and it is further,

Ordered that the action against the defendants Board of

Assessors of the County of Nassau and County of Nassau is severed and their time to serve an answer to the amended complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The factual and procedural history of this case is described in this court's decision in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves school districts from liability for the tax refunds in question *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822). Therefore, the plaintiffs do not have a cause of action for refunds against the school districts.

In view of the fact that the plaintiffs herein commenced a declaratory judgment action challenging the assessments in question in December 1983, we find that they sufficiently protested tax payments made subsequent thereto and while the action was still pending *(see, Corporate Prop. Investors v Board of Assessors, supra).* However, we cannot grant summary judgment on the issue of refund liability against the county defendants since there has not been joinder of issue with respect to those defendants *(see, Corporate Prop. Investors v Board of Assessors, supra).* In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county defendants' liability, if any.

We have examined the parties' remaining contentions and find that those contentions are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.