■ St. Lawrence Explosives Corp., Respondent-Appellant, v Law Brothers Contracting Corp. et al., Appellants-Respondents, et al., Defendant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Although Supreme Court properly permitted defendants to amend the ad damnum clauses of their counterclaims, the court erred in precluding defendants from submitting an answer to plaintiff's second amended complaint which otherwise contained new allegations in their defenses and counterclaims. Since plaintiff applied for and obtained leave to serve a second amended complaint, that pleading superseded the original complaint.

When an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case (Schoenborn v Kinderhill Corp., 98 AD2d 831, 832; Hawley v Travelers Indem. Co., 90 AD2d 684; Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841). Thus, defendants' original answer has no effect and a new responsive pleading must be substituted for the original answer (see, Stella v Stella, 92

AD2d 589). Defendants are not confined to answering the amended pleading *(Tatum v Farson,* 167 App Div 581, 585) and the amended answer may contain new allegations in their defenses and counterclaims. Furthermore, even if defendants were not entitled, as a matter of right, to amend their counterclaims, it is well established that absent prejudice or surprise, leave to amend pleadings "shall be freely given" (CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935). (Appeals from Order of Supreme Court, Jefferson County, Inglehart, J.—Amend Counterclaim.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.