STATE UNIVERSITY CONSTRUCTION FUND, Plaintiff, v AETNA CASUALTY & SURETY COMPANY, Defendant and Third-Party Plaintiff-Appellant. JOHN G. ALIBRANDI et al., Third-Party Defendants-Respondents.

Third Department, June 13, 1991

## APPEARANCES OF COUNSEL

*Smith, Sovik, Kendrick, Schwarzer & Sugnet, P. C. (Kevin E. Hulslander* and *Betsey T. Sipple* of counsel), for defendant and third-party plaintiff-appellant.

*Menter, Rudin & Trivelpiece (William F. Baker* and *Gerald J. Mathews* of counsel), for third-party defendants-respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

In 1948 third-party defendant John G. Alibrandi founded JGA Construction Corporation (hereinafter JGA). In 1965 Alibrandi, individually and on behalf of JGA, and his wife, third-party defendant Elsie Alibrandi, signed a general contract of indemnity in which they agreed to indemnify defendant for, *inter alia,* any payments which had to be made by defendant on bonds which defendant executed on behalf of the indemnitors, the Alibrandis.

In 1970 JGA contracted with plaintiff to construct the Physical Education and Recreation Facility at the State University of New York at Cortland. Defendant executed a performance bond on behalf of JGA for the project. In 1972 plaintiff claimed that certain defects existed in the roof and swimming pool constructed pursuant to the contract. In 1977 plaintiff commenced an action against JGA for breach of contract and against defendant to collect on the performance bond. Subsequently, in 1983, Alibrandi retired from JGA and disposed of all his stock in the company. Defendant's attorneys wrote to the Alibrandis, urging that they take over defense of the suit against JGA and noting, parenthetically, that pursuant to the 1965 indemnification agreement, the Alibrandis would be required to indemnify if defendant had to pay on the bonds.

When the Alibrandis failed to act upon this request, defendant commenced the instant third-party action in May 1988 against the Alibrandis for indemnification pursuant to the 1965 contract. The Alibrandis answered, contending that laches precluded suit and demanding dismissal of the third-party action. Defendant then served the Alibrandis, without

the requisite leave of court, with an amended third-party complaint which added a second cause of action for a declaratory judgment that the Alibrandis are obligated to defend and indemnify defendant. The Alibrandis did not answer the amended pleading. In January 1990 defendant moved for summary judgment against the Alibrandis, ostensibly on its amended third-party complaint. Supreme Court denied the motion. This appeal by defendant ensued.

We affirm. The threshold issue addressed by the parties is the status of defendant's amended third-party complaint, which was served without leave of the court as was required under these circumstances (see, CPLR 3025). Defendant argues that its failure to seek leave to amend its third-party complaint should be overlooked because no prejudice inured to the Alibrandis. Consequently, defendant argues that it was entitled to move for summary judgment on its amended third-party complaint. The Alibrandis argue that, because leave was required in this instance, the amended complaint was a nullity and cannot serve as a basis for a motion for summary judgment.

■ While service of an amended pleading beyond the time allowed as of right without seeking leave of the court has been held by the First Department to be a nullity (see, *Walden v Nowinski*, 63 AD2d 586), the Second Department has held that such service may be considered a mere irregularity which may be disregarded if the amended pleading does not prejudice any substantial right of the party (see, *Felix v Tischler*, 73 AD2d 609). Here, the amended third-party complaint did not add any substantive factual issues or new theories of recovery so as to prejudice the Alibrandis, but merely added a demand for a declaration of its rights under the indemnification contract. Given these specific facts, we take the view in this particular instance that defendant's failure to seek leave to amend its third-party complaint was an "irregularity" which may be ignored (see, supra; *Matter of Association for Preservation of Freedom of Choice v Shapiro*, 14 AD2d 800; *but see, Walden v Nowinski, supra*).

■ It is undisputed, however, that the Alibrandis did not answer the amended third-party complaint before defendant moved for summary judgment. This court has held that once the amended complaint was served, "it superseded the original complaint and became the only complaint in the case" (*Schoenborn v Kinderhill Corp.*, 98 AD2d 831, 832). Since issue was not joined as to the cause of action for a declaratory

judgment contained in the amended complaint, Supreme Court was powerless to grant summary judgment on the amended complaint pursuant to CPLR 3212.

WEISS, LEVINE, MERCURE and HARVEY, JJ., concur.

Ordered that the order is affirmed, with costs.