OPINION OF THE COURT
Per Curiam.
Order entered June 9, 1992 reversed, without costs, the petitions are reinstated and partial summary judgment is granted to petitioner pursuant to CPLR 3212 (b) on the issue of the subject premises’ exemption from the operation of the New York City Rent Stabilization Law pursuant to section 5 (a) (10) of the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8625 [a] [10]; L 1974, ch 576, § 4; ETPA).
Appeal from order entered June 9, 1992 denying, with leave to renew on proper papers, petitioner’s motion for rent and/or use and occupation in the consolidated summary proceedings, dismissed, without costs.
The record on appeal establishes that petitioner, the Salvation Army, was incorporated in New York in 1899 as a religious and charitable organization pursuant to an act of the Legislature. Under said act, petitioner was empowered "as a part of its regular church or charitable work” (L 1899, ch 468, § 5) to establish and maintain "lodging shelters for the poor, and * * * homes for the rescue of fallen women * * * of its membership or * * * the public generally.” (L 1899, ch 468, *267 § 5.) For such purposes, petitioner was authorized to "take and hold * * * bequest[s] [of] * * * personal property upon trust, to apply the same * * * for the purpose of establishing * * * one * * * of the homes or institutions mentioned”. (L 1899, ch 468, § 5.) The act further provides that "no officer, member or employee of said corporation shall receive, or may be lawfully entitled to receive, any pecuniary profit from the operations thereof, except [as] reasonable compensation for services in effecting one or more of such purposes, or as proper beneficiaries of its strictly charitable purposes * * * all [such] proceeds * * * [to] be devoted to the religious, charitable, educational or missionary purposes of the Salvation Army”. (L 1899, ch 468, § 8.)
Florence Ten Eyck-Troughton died testate in 1948. In her will, Ms. Troughton bequeathed the residue of her estate to the Salvation Army, "to be used for the purpose * * * operation and maintenance [by] the * * * Salvation Army, subject to such reasonable rules and regulations as it may from time to time prescribe, of a suitable home or residence for worthy business women of the City of New York * * * [to] be known as the 'Ten Eyck-Troughton Memorial Residence’ ”. In 1954, pursuant to such bequest, and as limited by the terms of its incorporating legislation, the Salvation Army purchased the building in question, located in the "Murray Hill” neighborhood of Manhattan, and has operated it ever since on a nonsectarian basis as a residence for women of low to moderate means, providing lodging and meals in a secure environment along with hotel services and other amenities at less than market rates ($121 to $134 per week). As part of such amenities, which also include, inter alla, the regular showing of secular films, religious services, called "vespers”, are organized by a separate organization of the occupants on a voluntary basis, as is a "Bible Club”. No church, chapel or altar is located on the premises, and there is no compulsion either to attend such services or to join the Salvation Army or any church as a condition of or to the occupancy of the residents. Financial records submitted by petitioner show that from 1983 to 1989, when the instant litigation was commenced, these premises were operated at a cumulative deficit of $310,000.
The three nonpayment summary proceedings sub judice, since consolidated for joint trial with two other nonpayment proceedings and nine summary holdover proceedings, were instituted as the result of respondents’ refusal to pay occupancy fees pursuant to rental agreements entered into with *268 petitioner. Respondents moved to dismiss the petitions on the procedural ground that the exemption from rent stabilization claimed by petitioner was not properly alleged, and for failure to state a cause of action on the substantive basis that the premises are not exempt from the operation of the Rent Stabilization Law under section 5 (a) (10) of the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY §8625 [a] [10]), because not operated "exclusively for charitable purposes on a non-profit basis”. The gist of the respondents’ position below, and here, is that the word "exclusively” in the statute should be given a literal interpretation. Since, it is claimed, the premises is operated by an organization which is a branch of the Christian Church whose orientation is, a fortiori, religious; because, inter alia, "vespers” and a "Bible Club” are conducted on the premises, and because petitioner claims exemption of the premises from real property tax as a religious organization, it is asserted that the subject residence cannot be operated "exclusively” for charitable purposes. It was, and is, further asserted that because petitioner’s financial records show an operating profit in 3 of the 7 years preceding the institution of this litigation (which profit was offset against depreciation and other expenses producing the deficit referred to above), petitioner was not operating the residence on a nonprofit basis.
Petitioner opposed the motion and cross-moved to amend the petitions to remedy the claimed procedural irregularity. Civil Court permitted such amendment, but notified the parties that respondents’ motion to dismiss would henceforth be treated as an application for summary judgment (CPLR 3211 [c]; Four Seasons Hotels v Vinnik, 127 AD2d 310). After further submissions, the court granted summary judgment in favor of respondents dismissing the petitions, finding the premises not exempt as a matter of law because their operation was so infused with the petitioner’s religious purpose as to be not truly "charitable”.
We reverse and grant partial summary judgment to petitioner holding these premises exempt from the operation of the Rent Stabilization Law under section 5 (a) (10) of the Emergency Tenant Protection Act as a residence operated exclusively for charitable purposes on a nonprofit basis (CPLR 3212 [b]). There is no genuine dispute regarding the principal purpose of the operation of the subject residence. The provision of secure lodging and meals on a nonsectarian basis to working women of modest means pursuant to the discretion *269 vested in petitioner — an organization engaged in charitable works — is a charitable purpose (Mohonk Trust v Board of Assessors, 47 NY2d 476; Matter of Salvation Army v Town of Ellicott Bd. of Assessment Review, 100 AD2d 361), and this residence was established and is operated pursuant to a charitable bequest in the will of Florence Ten Eyck-Troughton, who made this use possible (People ex rel. Untermyer v McGregor, 295 NY 237, 243-244; Matter of Van Vechten, 169 Misc 328). Moreover, under established rules of statutory construction, the operation of the residence is "exclusively” charitable. The Appellate Division, First Department, in a similar case involving the same exemption, has recently reiterated that the term "exclusively” as used in ETPA § 5 (a) (10) is not to be read literally as respondents contend. Rather, the term, properly read in its statutory context, connotes " 'principal’ or 'primary’ * * * uses merely auxiliary or incidental to the main exempt purpose * * * will not defeat the exemption” (Matter of Boiko v Higgins, 195 AD2d 279, 282, lv denied 82 NY2d 664).
There has been no showing by respondents on this record that the available amenities at the Ten Eyck-Trough-ton Memorial residence, which include religious services on a purely voluntary basis organized by a group of tenants separate and apart from the management, are anything other than incidental to the main charitable purpose effectuated by the Salvation Army in providing secure lodging and meals to its residents on a nonsectarian basis. Civil Court therefore erred in its conclusion that "the religious objectives of the Salvation Army pervade its operation of the subject multiple dwelling to such a significant extent that it may not claim exemption from rent stabilization pursuant to ETPA 5 (a) (10)”. (Matter of Boiko v Higgins, supra; Matter of Salvation Army v Town of Ellicott Bd. of Assessment Review, supra.)* Nor does a genuine triable issue of fact exist regarding the nonprofit nature of petitioner’s operation of the premises. The act incorporating the Salvation Army mandates nonprofit operation of its facilities. The occasional surplus relied on by *270 respondents does not defeat the not-for-profit nature of the operation of this facility (cf., Not-For-Profit Corporation Law § 508), and does not negate the accumulated $310,000 deficit reported for the premises in the seven-year period of its operation preceding this litigation (see, People ex rel. Doctors Hosp. v Sexton, 267 App Div 736).
The proceedings at issue are remanded for trial on all remaining issues and defenses without prejudice to a motion by petitioner for the deposit of rents in the nonpayment proceedings and for use and occupancy in the holdover proceedings, if so advised. Where, as here, a motion is denied with leave to renew on proper papers, the appropriate remedy is to comply with the lower court’s direction, not to appeal to this court (Walden v Nowinski, 63 AD2d 586, 587).
Ostrau, P. J., Miller and McCooe, JJ., concur.

 We also note that a Division of Housing and Community Renewal Rent Administrator, in a proceeding claiming rent overcharge brought by another tenant of the subject residence, ruled that the premises is exempt from rent stabilization under section 2520.11 (j) of the Rent Stabilization Code (9 NYCRR). Because of the terse nature of the opinion and the lack of supporting documentation in the record before us, however, we decline to afford it res judicata effect on this appeal.