■ GOLD MEDAL PACKING, INC., Respondent, v JAY RUBIN, Individually and Doing Business as RUBIN LIVESTOCK SERVICES, Appellant. [775 NYS2d 638]—

Appeal from an order and judgment (one document) of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered March 20, 2003. The order and judgment granted plaintiff's "cross-cross motion" for leave to amend the complaint and for summary judgment and awarded plaintiff judgment in the amount of $15,876 with interest, costs and disbursements.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying the "cross-cross motion" in part, vacating the second ordering and decretal paragraph, and granting defendant 20 days from service of a copy of the order of this Court

with notice of entry to serve an answer and as modified the order and judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages based on its purchase of frozen beef that was allegedly contaminated with E. coli and Listeria and thus unfit for human consumption. In his answer, defendant asserted as a third affirmative defense that the transaction at issue was between plaintiff and a company named Country Packing, Inc. and that he was merely the assignee of the proceeds of the sale. Plaintiff thereafter moved and defendant cross-moved for summary judgment, and plaintiff filed a "cross-cross motion" for leave to amend the complaint and for summary judgment on the amended complaint. Contrary to defendant's contention, Supreme Court property granted that part of plaintiff's "cross-cross motion" seeking leave to amend the complaint. Affidavits submitted by defendant in opposition to plaintiff's motion herein provide the requisite evidentiary support for the proposed amendment (see English v Ski Windham Operating Corp., 263 AD2d 443, 444 [1999]; Farrell v K.J.D.E. Corp., 244 AD2d 905 [1997]). We agree with defendant, however, that the court erred in granting that part of plaintiff's "cross-cross motion" for summary judgment on the amended complaint. Summary judgment is appropriate only after issue has been joined (see CPLR 3212 [a]), and it is undisputed that defendant had not yet answered the amended complaint, inasmuch as leave to amend was simultaneously granted. Summary judgment therefore was premature (see Schoenborn v Kinderhill Corp., 98 AD2d 831, 832 [1983]). Moreover, the record is replete with conflicting factual allegations, and thus summary judgment is inappropriate for that reason as well (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore modify the order and judgment by denying the "cross-cross motion" in part, vacating the second ordering and decretal paragraph, and granting defendant 20 days from service of a copy of the order of this Court with notice of entry to serve an answer, and we remit the matter to Supreme Court for assignment of a different justice. Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.