■ Donald C. Greene, Doing Business as DCG Develop-
ment Company, Respondent, v Ashley J. Hayes, Defendant,
and A.J.H., Inc., Appellant. [817 NYS2d 421]—

Lahtinen, J. Appeal from an order of the Supreme Court (Wil-
liams, J.), entered August 23, 2005 in Saratoga County, which,
inter alia, denied a motion by defendant A.J.H., Inc. to dismiss
the complaint against it and granted plaintiff's cross motion for
summary judgment

Defendant Ashley J. Hayes allegedly contacted an employee of
plaintiff and offered to sell a parcel in the Town of Malta,
Saratoga County. Following some negotiations, Hayes and
plaintiff signed a contract in September 2003, with plaintiff
depositing $5,000 toward an agreed purchase price of $210,000.
The contract required both parties to perform certain condi-
tions and, in December 2003, Hayes attempted to return
plaintiff's deposit and cancel the contract upon the asserted
ground that neither party had performed conditions of the
contract. Plaintiff contended that he had performed all condi-
tions applicable to him and demanded that Hayes perform under
the contract, which Hayes refused to do. When preparing to
commence legal action to enforce the contract, plaintiff purport-
edly learned for the first time that the subject property was
actually owned by defendant A.J.H., Inc. (hereinafter defen-
dant), a corporation owned equally by Hayes and his spouse.

Plaintiff commenced this action in January 2004 against Hayes and defendant.

While the action was pending, Hayes and his wife transferred their shares of defendant to another individual. Thereafter, defendant moved and was granted permission to amend its answer to assert the statute of frauds as a defense, alleging that Hayes had not signed the contract in a corporate capacity and, thus, there was no writing binding defendant. Defendant moved to dismiss upon such ground. Plaintiff cross-moved for summary judgment granting specific performance and made a separate motion for permission to serve an amended complaint in which he alleged, among other things, an agent-principal relationship between Hayes and defendant at the time the contract was executed. Supreme Court addressed all pending motions in a single decision in which it denied defendant's motion to dismiss, granted plaintiff's cross motion to serve an amended complaint and also granted plaintiff summary judgment on his request for specific performance of the contract. Defendant appeals.

Defendant initially argues that it is entitled to dismissal under the statute of frauds because Hayes did not specifically sign in his corporate capacity. We cannot agree. Plaintiff's allegations include that defendant was owned by Hayes and his wife, Hayes held himself as the owner of property, he was the president and a director of defendant, he managed the financial affairs of defendant, and he had the power and authority to enter into contracts for defendant. We note that examinations before trial have not been conducted and Hayes has not contested many of plaintiff's assertions regarding his capacity and the events surrounding the execution of the contract. Under such circumstances, Supreme Court correctly determined that dismissal was not proper (*see Atai v Dogwood Realty of N.Y., Inc.*, 24 AD3d 695, 698 [2005]; *J.P. Endeavors v Dushaj*, 8 AD3d 440, 442 [2004]; *Bhutta Realty Corp. v Sangetti*, 165 AD2d 852, 853 [1990]; *Kursh v Verderame*, 87 AD2d 803, 803 [1982], *lv denied* 57 NY2d 608 [1982]).

We turn next to defendant's contention that it was error to grant plaintiff's cross motion to amend his complaint. Leave to amend pleadings is freely granted and the trial court is afforded considerable discretion in granting such motions (*see* CPLR 3025 [b]; *Smith v Haggerty*, 16 AD3d 967, 968 [2005]). The affidavits submitted in support of plaintiff's cross motion to amend, which detail Hayes' purported power and authority to sell the land, established that the proposed amendment was not plainly lacking in merit. Moreover, granting the cross motion did not cause prejudice to defendant since the corporate entity

was named in the original complaint and also Hayes, a co-owner of the corporation, was aware of the germane facts. Supreme Court acted well within its discretion in permitting an amended complaint to be served.

It was premature, however, to grant plaintiff summary judgment at the same time that he was allowed to amend his complaint since defendant had not yet had an opportunity to serve an answer to the amended complaint and, thus, issue had not been joined (*see Gold Medal Packing v Rubin*, 6 AD3d 1084, 1085 [2004]; *State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 169 AD2d 52, 54-55 [1991]; *Schoenborn v Kinderhill Corp.*, 98 AD2d 831, 832 [1983]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment; motion denied, without prejudice; and, as so modified, affirmed.