A.M. KAWSKI, on Behalf of Herself and All Other Employees Similarly Situated, Appellant, v JOHNSON & JOHNSON et al., Respondents. [934 NYS2d 886]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated in the decision at Supreme Court. Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.

ALBERT ORGANEK, as Administrator of the Estate of MICHAEL ORGANEK, Deceased, Respondent, v ANTONIO HARRIS, Appellant. [935 NYS2d 240]—

Memorandum: Plaintiff, as administrator of the estate of his son (decedent), commenced this action seeking damages for decedent's wrongful death and conscious pain and suffering. Defendant was convicted of two counts of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) in connection with decedent's death. Plaintiff moved for partial summary judgment on liability, and defendant cross-moved for summary judgment dismissing the complaint. Before Supreme Court ruled on the motion or the cross motion, plaintiff sought to serve an amended complaint, which defendant rejected on the ground that the time period for amending the complaint without leave of court had expired. Plaintiff thereafter moved simultaneously for leave to amend the complaint and for partial summary judgment on liability. The court granted the amended motion and denied the cross motion and, following an inquest on damages, awarded plaintiff $748,000.

Contrary to plaintiff's contention, the order granting plaintiff's amended motion for leave to amend the complaint and partial summary judgment on liability is brought up for review on defendant's appeal from the order and judgment awarding damages (*see* CPLR 5501 [a] [1]; *Stride Contr. Corp. v Board of Contract & Supply of City of Yonkers*, 181 AD2d 876, 877 [1992]). Defendant does not contend on appeal that the court erred in granting that part of plaintiff's amended motion seeking leave to amend the complaint, and thus he is deemed to have abandoned any such contention (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We agree with defendant, however, that the court erred in granting that part of the amended motion seeking partial summary judgment on liability. "It was premature . . . to grant plaintiff summary judgment at the same time that he was allowed to amend his complaint [inasmuch as] defendant had not yet had an opportunity to

serve an answer to the amended complaint and, thus, issue had not been joined" (*Greene v Hayes*, 30 AD3d 808, 810 [2006]; *see Gold Medal Packing v Rubin*, 6 AD3d 1084 [2004]). We therefore reverse the order and judgment insofar as appealed from, deny that part of plaintiff's amended motion for partial summary judgment on liability and vacate the award of damages, and we grant defendant 20 days from service of the order of this Court to serve and file an answer. Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.