# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1278**
**CA 09-02578**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

ALBERT ORGANEK, AS ADMINISTRATOR OF THE ESTATE
OF MICHAEL ORGANEK, DECEASED,
PLAINTIFF-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

ANTONIO HARRIS, DEFENDANT-APPELLANT.

---

ANTONIO HARRIS, DEFENDANT-APPELLANT PRO SE.

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

    Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Donna M. Siwek, J.), entered May 29, 2009. The
order and judgment, insofar as appealed from, granted that part of
plaintiff's amended motion seeking partial summary judgment on
liability and awarded plaintiff $748,000 in damages following an
inquest.

    It is hereby ORDERED that the order and judgment insofar as
appealed from is unanimously reversed on the law without costs, that
part of plaintiff's amended motion seeking partial summary judgment on
liability is denied, the award of damages is vacated and defendant is
granted 20 days after service of the order of this Court with notice
of entry to serve and file an answer.

    Memorandum: Plaintiff, as administrator of the estate of his son
(decedent), commenced this action seeking damages for decedent's
wrongful death and conscious pain and suffering. Defendant was
convicted of two counts of murder in the second degree (Penal Law §
125.25 [3] [felony murder]) in connection with decedent's death.
Plaintiff moved for partial summary judgment on liability, and
defendant cross-moved for summary judgment dismissing the complaint.
Before Supreme Court ruled on the motion or the cross motion,
plaintiff sought to serve an amended complaint, which defendant
rejected on the ground that the time period for amending the complaint
without leave of court had expired. Plaintiff thereafter moved
simultaneously for leave to amend the complaint and for partial
summary judgment on liability. The court granted the amended motion
and denied the cross motion and, following an inquest on damages,
awarded plaintiff $748,000.

    Contrary to plaintiff's contention, the order granting
plaintiff's amended motion for leave to amend the complaint and

partial summary judgment on liability is brought up for review on defendant's appeal from the order and judgment awarding damages (*see* CPLR 5501 [a] [1]; *Stride Contr. Corp. v Board of Contract & Supply of City of Yonkers*, 181 AD2d 876, 877).  Defendant does not contend on appeal that the court erred in granting that part of plaintiff's amended motion seeking leave to amend the complaint, and thus he is deemed to have abandoned any such contention (*see Ciesinski v Town of Aurora*, 202 AD2d 984).  We agree with defendant, however, that the court erred in granting that part of the amended motion seeking partial summary judgment on liability.  "It was premature . . . to grant plaintiff summary judgment at the same time that he was allowed to amend his complaint [inasmuch as] defendant had not yet had an opportunity to serve an answer to the amended complaint and, thus, issue had not been joined" (*Greene v Hayes*, 30 AD3d 808, 810; *see Gold Medal Packing v Rubin*, 6 AD3d 1084).  We therefore reverse the order and judgment insofar as appealed from, deny that part of plaintiff's amended motion for partial summary judgment on liability and vacate the award of damages, and we grant defendant 20 days from service of the order of this Court to serve and file an answer.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court