R&G Brenner Income Tax Consultants v Gilmartin (2018 NY Slip Op 07470)





R&G Brenner Income Tax Consultants v Gilmartin


2018 NY Slip Op 07470


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-07490
 (Index No. 16901/11)

[*1]R & G Brenner Income Tax Consultants, respondent-appellant, 
v
Richard Gilmartin, appellant- respondent.


La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for appellant-respondent.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Kenneth A. Novikoff, and Henry M. Mascia of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered May 27, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to amend the complaint, for summary judgment on the issue of liability on the third and fourth causes of action in the amended complaint, and for summary judgment on the issue of liability on the first cause of action in the amended complaint to the extent of making certain declarations in the plaintiff's favor. The order, insofar as cross-appealed from, in effect, denied, in part, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first, third, and fourth causes of action in the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the third and fourth causes of action in the amended complaint and for summary judgment on the issue of liability on the first cause of action in the amended complaint to the extent of making certain declarations in the plaintiff's favor, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, R & G Brenner Tax Consultants, commenced this action against the defendant, a former employee of the plaintiff, alleging that the defendant violated restrictive covenants in his employment agreements by competing with the plaintiff while he was still an employee, and soliciting the plaintiff's clients after he resigned on November 9, 2011.
In its original complaint, the plaintiff asserted causes of action for a judgment declaring that the defendant breached provisions of his employment agreements concerning the restrictive covenants and a permanent injunction. After discovery was complete and the note of issue was filed, the plaintiff moved for leave to amend the complaint to add a request for monetary damages in the first cause of action, which sought a declaratory judgment, to add a third cause of action to recover damages for breach of contract, and to add a fourth cause of action to recover [*2]damages for violation of the faithless servant doctrine, and moved for summary judgment on the issue of liability on the amended complaint. The defendant opposed the motion, contending, inter alia, that the branch of the plaintiff's motion which was for leave to amend the complaint should be denied since the amendments caused him unfair prejudice and surprise, that summary judgment on the issue of liability on the amended complaint was premature since issue had not been joined on the proposed additional causes of action, and that summary judgment should be denied on the merits.
In an order entered May 27, 2016, the Supreme Court, inter alia, (1) granted that branch of the plaintiff's motion which was for leave to amend the complaint; (2) granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the third and fourth causes of action in the amended complaint, alleging breach of contract and violation of the faithless servant doctrine, respectively; (3) granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first cause of action in the amended complaint to the extent of declaring that (a) the defendant breached the nonsolicitation and noncompete provisions of his employment agreements, and (b) the defendant was liable for the net lost fees earned from former clients of the plaintiff that were earned between November 9, 2011, and November 8, 2013, except for those clients for whom the defendant began defending tax audits before November 9, 2011; and (4) determined that a liquidated damages provision in one of the defendant's employment agreements is unenforceable.
The defendant appeals, contending that the Supreme Court erred in granting those branches of the plaintiff's motion which were for leave to amend the complaint and for summary judgment on the issue of liability on causes of action in the amended complaint. The plaintiff cross-appeals, arguing that the court improperly restricted the scope of the restrictive covenants and determined that the liquidated damages provision is unenforceable.
A motion for leave to amend a pleading may be made "at any time," and "[l]eave shall be freely given upon such terms as may be just" (CPLR 3025[b]). The determination to permit or deny the amendment is committed to the sound discretion of the trial court (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Sudit v Labin, 148 AD3d 1073, 1076), and its determination will not lightly be set aside (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 129 AD3d 684, 685; Ingrami v Rovner, 45 AD3d 806, 808; Romeo v Arrigo, 254 AD2d 270, 270).
Delay alone is insufficient to bar an amendment to the pleading; "[i]t must be lateness coupled with significant prejudice to the other side" (Edenwald Contr. Co. v City of New York, 60 NY2d at 959; see Coleman v Worster, 140 AD3d 1002, 1003). "Prejudice . . . is not found in the mere exposure of the defendant to greater liability" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). Rather, "there must be some indication that the defendant has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position" (id. at 23; see Kimso Apts., LLC v Gandhi, 24 NY3d at 411). Furthermore, "[t]he burden of establishing prejudice is on the party opposing the amendment" (Kimso Apts., LLC v Gandhi, 24 NY3d at 411; see Caceras v Zorbas, 74 NY2d 884, 885).
Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in allowing the plaintiff to amend its complaint. The defendant failed to show that he was prejudiced or surprised by the proposed amendments (see Kimso Apts., LLC v Gandhi, 24 NY3d at 412; 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455), and did not establish that the proposed amendments were patently devoid of merit or palpably insufficient (cf. Skywest, Inc. v Ground Handling, Inc., 150 AD3d 922, 924; Strunk v Paterson, 145 AD3d 700, 701; Longo v Long Is. R.R., 116 AD3d 676, 677).
However, the Supreme Court should not have awarded the plaintiff summary judgment on the issue of liability on the first, third, and fourth causes of action in the amended complaint, while simultaneously allowing the plaintiff to serve the amended complaint (see Gaskin v Harris, 98 AD3d 941, 942; Organek v Harris, 90 AD3d 1512, 1513-1514; Greene v Hayes, 30 AD3d 808, 810; Gold Medal Packing v Rubin, 6 AD3d 1084, 1085; Net Realty Inv. Trust v Board [*3]of Assessors of County of Nassau, 153 AD2d 674, 675). "When an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case" (St. Lawrence Explosives Corp. v Law Bros. Contr. Corp., 170 AD2d 957, 957; see Hawley v Travelers Indem. Co., 90 AD2d 684, 684). "Since an amended complaint supplants the original complaint, it would unduly prejudice a defendant if it were bound by an original answer when the original complaint has no legal effect" (Mendrzycki v Cricchio, 58 AD3d 171, 175). As a result, "an amended complaint should ordinarily be followed by an answer" (Stephanie R. Cooper, P.C. v Robert, 78 AD3d 572, 573). Here, the court should not have awarded the plaintiff summary judgment on the issue of liability on the causes of action in the amended complaint before the defendant had answered the amended complaint (see Organek v Harris, 90 AD3d at 1513-1514; Net Realty Inv. Trust v Board of Assessors of County of Nassau, 153 AD2d at 675; Schoenborn v Kinderhill Corp., 98 AD2d 831, 832).
In light of our determination, we need not reach the parties' remaining contentions.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court