Seidler v Knopf (2020 NY Slip Op 04799)





Seidler v Knopf


2020 NY Slip Op 04799


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-08935
 (Index No. 506453/14)

[*1]Steven Seidler, et al., appellants, 
v
Jacob Knopf, etc., et al., respondents.


Doron Zanani, New York, NY, for appellants.
Ginsberg & Wolf, P.C., New York, NY (Martin Wolf of counsel), for respondents Jacob Knopf, Solomon Knopf, Chaya Knopf, Ruth Knopf, Ashburton 70, LLC, and AAR Group Holding, LLC.
Miller Law Offices, PLLC, Lawrence, NY (Scott J. Farrell of counsel), for respondents Loft E, LLC, and Robert Teitelbaum.
Stein Farkas & Schwartz LLP, New York, NY (Jeffrey M. Schwartz and Danielle Siegal of counsel), for respondents Atlantic Lev Y, LLC, Hyman Schattner, and 1236 Atlantic, LLC.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and securities law violations, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 29, 2017. The order, insofar as appealed from, denied, as academic, the plaintiffs' motion for summary judgment dismissing the counterclaims of the defendants Loft E, LLC, and Robert Teitelbaum, denied, as academic, the plaintiffs' motion to amend the caption and for leave to enter a default judgment against the defendant Fischer Knopf, denied, as academic, the plaintiffs' motion for summary judgment on the thirteenth cause of action in the amended complaint or, in the alternative, pursuant to CPLR 3212(g) for an order specifying facts not in dispute, and, upon granting the plaintiffs' motion for leave to amend the amended complaint, awarded the defendants costs and reasonable attorneys' fees incurred in responding to the second amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying, as academic, the plaintiffs' motion to amend the caption and for leave to enter a default judgment against the defendant Fischer Knopf, and substituting therefor a provision denying that motion on the merits; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
In July 2014, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and securities law violations. In 2015, they successfully moved for leave to amend the complaint. Thereafter, the plaintiffs made several motions for summary judgment, including a motion for summary judgment on the thirteenth cause of action in the amended complaint, seeking damages for violations of the Securities Exchange Act of 1934, or, in the alternative, pursuant to CPLR 3212(g) for an order specifying facts not in dispute. The plaintiffs also [*2]moved for summary judgment dismissing the counterclaims asserted by the defendants Loft E, LLC, and Robert Teitelbaum (hereinafter together the Teitelbaum defendants). The plaintiffs also moved to amend the caption to reflect the "actual name" of the defendant Fischer Knopf and for leave to enter a default judgment against that defendant.
While the above motions and several other motions for summary judgment were pending, the plaintiffs moved for leave to amend the amended complaint to add and/or change certain factual allegations and to add several new causes of action based upon the same events alleged in the amended complaint. In an order dated June 29, 2017, the Supreme Court, inter alia, granted the plaintiffs' motion to amend the amended complaint and awarded the defendants costs and reasonable attorneys' fees incurred in responding to the second amended complaint "[i]n light of plaintiff's delay in adding the new causes of action." The court denied as academic the plaintiffs' motions for summary judgment on the thirteenth cause of action in the amended complaint or, in the alternative, pursuant to CPLR 3212(g) for an order specifying facts not in dispute, for summary judgment dismissing the Teitelbaum defendants' counterclaims, and to amend the caption and for leave to enter a default judgment against Fischer Knopf. The plaintiffs appeal.
"When an amended complaint has been served, it supercedes the original complaint and becomes the only complaint in the case," and the defendants' "original answer has no effect and a new responsive pleading must be substituted for the original answer" (St. Lawrence Explosives Corp. v Law Bros. Contr. Corp., 170 AD2d 957, 957). " Since an amended complaint supplants the original complaint, it would unduly prejudice a defendant if it were bound by an original answer when the original complaint has no legal effect'" (R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 688, quoting Mendrzycki v Cricchio, 58 AD3d 171, 175). In answering an amended complaint, "[d]efendants are not confined to answering the amended pleading . . . , and the amended answer may contain new allegations in their defenses and counterclaims" (St. Lawrence Explosives Corp. v Law Bros. Contr. Corp., 170 AD2d at 958). The defendants may also assert affirmative defenses which were not raised, but could have been raised, in their answer to the prior complaint (see Mendryzycki v Cricchio, 58 AD3d at 175-176). We therefore agree with the Supreme Court's determination that the plaintiffs' motion for summary judgment on the thirteenth cause of action in the amended complaint or, in the alternative, pursuant to CPLR 3212(g) for an order specifying facts not in dispute and the plaintiffs' motion for summary judgment dismissing the Teitelbaum defendants' counterclaims were rendered academic by the court's determination to grant the plaintiffs' motion for leave to amend the amended complaint.
The plaintiffs' motion to amend the caption and for leave to enter a default judgment against Fischer Knopf should have been denied on the merits. The plaintiffs' submissions failed to establish that the purported defaulting defendant had been properly served with the summons and complaint (see CPLR 3215[f]), or that the intended but misnamed defendant was within the jurisdiction of the court, was fairly apprised that she was the party the action was intended to affect, or would not be prejudiced by the proposed amendment to the caption (see CPLR 305[c]; Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483, 484-485; cf. Holster v Ross, 45 AD3d 640, 642).
Moreover, the Supreme Court did not improvidently exercise its discretion in awarding the defendants costs and reasonable attorneys' fees incurred in responding to the second amended complaint (see CPLR 3025[b]; Century Fed. Sav. & Loan Assn. of Long Is. v Net Realty Holding Trust, 106 AD2d 484, 484; Balzac v Jerome, 104 AD2d 1015, 1015; Mirabella v Banco Indus. de la Republica Argentina, 34 AD2d 630, 631).
The parties' remaining contentions are without merit.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court