Bridge v Cozzy (2020 NY Slip Op 07262)





Bridge v Cozzy


2020 NY Slip Op 07262


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529941

[*1]Stephanie Bridge, Appellant,
v
James Cozzy III, Respondent.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Anthony A. Fazzone, Schenectady (John R. Seebold of Law Offices of John R. Seebold, PLLC, Schenectady, of counsel), for appellant.
Law Offices of John Trop, Syracuse (Theresa Zehe of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Versaci, J.), entered July 22, 2019 in Schenectady County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
In November 2016, a structure fire occurred at a residential home owned by defendant, located in Schenectady County. At the time of the fire, plaintiff and defendant were in a romantic relationship and plaintiff was residing at defendant's residence. The parties had an argument on the night of the fire, and defendant left the residence to diffuse the situation. Plaintiff remained at the residence and was later rescued by emergency responders, who found her in the bathroom next to the master bedroom. Plaintiff sustained burns to her body and airway. Although a subsequent fire investigation concluded that the fire originated in the mattress located in the master bedroom, the cause of the fire remains unknown.
Plaintiff commenced this action to recover damages for personal injuries sustained from the fire, alleging, as a sole cause of action, that defendant's negligence was the cause of the fire. During discovery, the parties were each deposed. As relevant here, defendant testified that, although the home was equipped with three smoke detectors, some years before the fire he had disconnected the one that was located in close proximity to the master bedroom, where the fire had started. Shortly after depositions were complete, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved (1) to amend the complaint to conform the pleadings to the proof adduced at defendant's deposition and (2) for partial summary judgment on the issue of liability. Supreme Court granted that part of plaintiff's cross motion as sought to amend the complaint, granted defendant's motion for summary judgment dismissing the complaint and denied that part of plaintiff's cross motion for partial summary judgment. Plaintiff appeals.
Initially, as plaintiff concedes, Supreme Court correctly determined that defendant is entitled to summary judgment on the issue of causation of the fire. However, in granting the motion to amend the complaint, the court allowed plaintiff to change her theory of liability. Although this is generally not acceptable as a response to a summary judgment motion (seeScanlon v Stuyvesant Plaza, 195 AD2d 854, 855 [1993]), it is allowable in this instance as the court granted plaintiff's cross motion to conform and, as such, defacto amended the complaint to include said theory. Once the amended complaint is served, it will supersede "the original complaint and bec[o]me the only complaint in the case" (Schoenborn v Kinderhill Corp., 98 AD2d 831, 832 [1983]). Because the amended complaint has yet to be served, issue has not been joined and summary judgment in her favor is inappropriate (see CPLR 3212 [a]; Gold Medal Packing v Rubin, 6 AD3d 1084, 1085 [2004]). Thus, any decision regarding plaintiff's cross motion for partial summary judgment is premature. Plaintiff's remaining contentions have been reviewed and found to be lacking in merit. Finally, if the amended complaint has yet to be filed, plaintiff is directed to do so within 30 days of the date of this order.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.