■ MASON A. HURD, Appellant, v CAROLYN L. HURD, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered September 16, 1981 in Madison County, which granted defendant's motion and awarded her alimony and counsel fees. A stipulation entered into by the parties and incorporated by reference in their 1977 judgment of divorce provided that "[o]n June 1, 1981, depending on the parties' financial circumstances as of that date, the wife may apply to the Supreme Court for the State of New York for support * * * or alimony from the husband." On July 10, 1981, the wife initiated this proceeding for relief pursuant to the terms of that stipulation; alimony of $1,000 monthly and $500 counsel fees are requested. According to the moving affidavits, her financial needs substantially outstrip

her income. In opposing papers, the husband, whose attorney was unable to appear for argument on the return date due to a calendar conflict, maintained that his earning capacity had markedly worsened since the decree was entered and that he was heavily in debt; he also took exception to the wife's claim of destitution. The wife's reply affidavit, in turn, challenged the veracity of the husband's allegations. Special Term, without holding a hearing, awarded the wife alimony of $400 per month and counsel fees of $350, and the husband now appeals. The wife's contention that the husband lacks standing to bring this appeal is based on the flawed premise that the order entertained by Special Term was entered on plaintiff's default and hence is not appealable by him. But plaintiff was never held in default. Indeed the court in its decision wrote that it reached it conclusion after "having considered the papers submitted". The order contains similar language. In addition, the award was considerably less than the wife's demand. Obviously, the court did not treat this as a default, but instead regarded plaintiff as having appeared and then proceeded to resolve the matter on the affidavits. However, given the conflicting affidavits respecting the parties' income, assets and expenses, a plenary hearing was necessary (*Nogid v Nogid,* 54 AD2d 961; see, also, *Matter of Kramer v Kramer,* 49 AD2d 907). Order reversed, on the law, with costs, and matter remitted to Special Term for a hearing in accordance herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.