■ JOHN M. McKEOWN, Appellant, v COUNTY OF NASSAU, Respondent, et al., Defendants. — In a medical malpractice action, plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Stark, J.), dated August 12, 1983, which denied his motion, *inter alia,* for leave to enter a default judgment against defendant County of Nassau and granted the county's cross motion to dismiss the action as against it unless plaintiff's attorneys pay $1,500 to the County of Nassau, and (2) as limited by his brief, from so much of an order of the same court, dated September 16, 1983, as, upon reargument, adhered to its original determination. ¶ Appeal from the order dated August 12, 1983 dismissed. That order was superseded by the order dated September 16, 1983. ¶ Order dated September 16, 1983, affirmed insofar as appealed from. ¶ The County of Nassau is awarded one bill of costs. ¶ CPLR 3215 (subd [e]) requires that on any application for judgment by default, the applicant shall file proof of service of the complaint as defined in CPLR 2103. This, plaintiff failed to do, and thus, Special Term properly denied his motion, *inter alia,* for leave to enter a default judgment. ¶ Moreover, the papers plaintiff submitted to Special Term merely alleged that the complaint was "sent" to defendant County of Nassau in accordance with counsel's office practices. Detailing those practices, an affidavit of an office secretary alleged that she would type the complaint and would then place it in an envelope in "*the outgoing mail basket*" (emphasis supplied). Thus, the proof submitted to Special Term was insufficient to even raise a factual issue as to proper service pursuant to CPLR 306 and CPLR 2103, and it was not an abuse of discretion for Special Term to conditionally grant defendant county's cross motion to dismiss the action for plaintiff's failure to serve the complaint as demanded (see *Mineroff v Macy's & Co.,* 97

AD2d 535). ¶ Nor can the costs imposed on plaintiff's attorneys be deemed unwarranted or excessive in light of the recent cases of this court and other courts (see *Mineroff v Macy's & Co., supra* [$1,000 imposed]; *Tehan v Tehan,* 97 AD2d 840 [$1,000 imposed]; *Bracho v Bracho,* 97 AD2d 726 [$2,000 imposed]). Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.