■ SAMUEL E. DELPOPOLO, Doing Business as D & F REAL ESTATE BETTER HOMES & GARDENS, Appellant, v ANTHONY ZANGHI et al., Respondents.

Plaintiff's complaint alleges that on or about January 10, 1985, plaintiff's employee showed the subject property to defendant Joseph Tramuto who was acting on his own behalf or on behalf of defendant Donald Tramuto. (There defendants are referred to in the record as both "Tramuto" and "Tramuta".) The amended complaint essentially repeats that allegation and also asserts an agency or other business relationship between defendant Joseph Tramuto and defendant Mahendra Mirani. It is further alleged that after Joseph Tramuto was shown the property he stated that he wanted to use the premises as a pizza shop, and a telephone call was then placed to defendant Josephine Zanghi who stated that she would not sell the property under those circumstances. No further negotiations were conducted with Joseph Tramuto.

On or about June 6, 1986, defendants Donald Tramuto and Mahendra Mirani entered into a contract with the Zanghis to purchase the property. Plaintiff notified the Zanghis that pursuant to the terms of the exclusive listing contract he was entitled to a broker's commission. Defendants refused to pay the commission and plaintiff commenced this action.

Defendants moved to dismiss on the ground that the complaint fails to state a cause of action (CPLR 3211 [a] [7]). Plaintiff cross-moved for summary judgment, alleging the prior negotiations with Joseph Tramuto and asserting that "Donald Tramuto purchased these premises for his brother Joseph Tramuto to use as a pizza shop." Special Term granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment.

It is well established that on a motion to dismiss pursuant to CPLR 3211 (a) (7), the inquiry is limited to whether, looking at the four corners of the complaint, it states a cause of action cognizable at law *(Guggenheimer v Ginzburg,* 43 NY2d 268,

275; *Foley v D'Agostino,* 21 AD2d 60, 64-65). "[A] complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists." *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; *Town of Penfield v Baker Commodities,* 138 AD2d 953.) Applying those principles, we find that Special Term erred in dismissing the complaint. The allegations, liberally construed and assumed to be true, support a cause of action for a broker's commission based upon the listing contract. Although inartfully drafted, the complaint sufficiently alleges negotiations with Joseph Tramuto acting as agent for the ultimate purchasers of the property, Donald Tramuto and Mahendra Mirani. Thus, the complaint must be reinstated.

Special Term properly denied plaintiff's cross motion for summary judgment, however, since that motion, made prior to joinder of issue, was premature *(see* CPLR 3212 [a]; *Grossman v Laurence Handprints,* 90 AD2d 95, 98; *Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084, 1085). (Appeal from order of Supreme Court Court, Chautauqua County, Cass, J.— dismiss complaint.) Present—Dillon, P. J., Boomer, Pine, Balio and Lawton, JJ.