■ EDWARD A. GORMEL, Appellant-Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent-Appellant. [607 NYS2d 529] —Order unanimously affirmed without costs. Memorandum: Plaintiff insured and defendant insurer dispute the terms upon which plaintiff may exercise his judicially

declared right to purchase additional optional life insurance coverage. Each party sought a declaratory judgment. Plaintiff appeals from so much of an order of Supreme Court as denied his motion to supplement his original complaint and denied his motion for summary judgment declaring that defendant is obligated to issue optional life insurance policies to plaintiff without plaintiff's having to make retroactive payments. Defendant cross-appeals from so much of the order as denied its motion for summary judgment declaring that plaintiff is obligated to make retroactive premium payments for any optional policies he chooses to purchase.

The court properly denied plaintiff's motion for leave to serve a supplemental complaint on the ground that there was no action pending at the time of the motion. Plaintiff's original complaint sought a declaratory judgment that defendant was obligated under the 1961 insurance policy and its rider to grant plaintiff options to purchase additional insurance. Plaintiff additionally sought an order directing defendant "to issue said optional additional insurance upon the terms and conditions set forth in the rider". By order of April 1987, which was not appealed by either party, the court directed that plaintiff have summary "judgment against the defendant as demanded in the complaint". The 1987 order disposed of the complaint in its entirety, and thus the court properly concluded that the original action had not survived. Based on that determination, the court properly concluded that there was no basis for granting plaintiff's motion for leave to serve a supplemental complaint. A supplemental pleading replaces or augments an existing pleading by "setting forth additional or subsequent transactions or occurrences" (CPLR 3025 [b]). Conceptually, a party cannot supplement a pleading that is no longer extant.

In this procedural posture, neither party is entitled to summary judgment. A court may not entertain a motion for summary judgment prior to joinder of issue (see, CPLR 3212 [a]). The present controversy is a new dispute that did not appear in the 1983 complaint and answer, but only in plaintiff's proposed supplemental complaint, to which defendant has not served an answer. (Appeals from Order of Supreme Court, Monroe County, Cornelius, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.