■ ZARTONE DEVELOPMENT COMPANY et al., Appellants, v MATTHEW A. TEDONE et al., Respondents. [633 NYS2d 605] —In an action to recover damages for breach of contract and legal malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), entered June 17, 1994, as, upon granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint insofar as it is asserted against the defendant Tedone and Edwards and dismissed the claim of the plaintiff Roberta Zipper against the remaining defendants.

Ordered that the order is modified by deleting the provision thereof which granted the branch of the defendants' motion for summary judgment dismissing the claim of the plaintiff Roberta Zipper against the defendant Matthew A. Tedone and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This matter arises from a series of transactions between the parties in 1987. In January 1987, the defendant Matthew A. Tedone entered into an agreement with the plaintiffs Gary Zipper and Zartone Development Company (hereinafter Zartone) for the development of real property in Massapequa, New York. Matthew A. Tedone is an attorney who was then a member of the respondent law firm Tedone and Edwards. Gary Zipper is a general partner of Zartone.

In August 1987, Matthew A. Tedone represented the plaintiffs Gary and Roberta Zipper in connection with the sale of their home in Huntington, New York, which they held as tenants by the entirety. The Zippers allege that they have a cause of action against Tedone sounding in breach of contract and legal malpractice in connection with the sale.

In September 1987, Matthew A. Tedone represented the plaintiff Zartone in connection with the purchase of undeveloped real property in Cold Spring Harbor, New York. Zartone alleges that it has a cause of action against Tedone sounding in breach of contract and malpractice in connection with the purchase.

In October 1987, the partnership of Tedone and Edwards dissolved and Matthew A. Tedone formed a new firm, the defendant Tedone and Tedone.

In 1990, there was a disagreement between the parties over the Massapequa property with the result that Matthew A. Tedone commenced an action against, *inter alia,* Gary Zipper and Zartone. In 1991, that action was settled, and the parties entered into a written stipulation of settlement. As part of the settlement agreement, Gary Zipper and Zartone executed general releases releasing Tedone and Tedone and Matthew A. Tedone from liability.

In 1993, the plaintiffs commenced this action alleging breach of contract and legal malpractice against the defendants in connection with the sale of the Zippers' house in Huntington and Zartone's purchase of the undeveloped property in Cold Spring Harbor. The defendants moved to dismiss the action on the basis of the general releases that were executed in the previous action. The plaintiffs opposed the motion arguing that no release had been extended to the defendant Tedone and Edwards and that the plaintiff Roberta Zipper had not signed a release. The Supreme Court found that the plaintiffs could not maintain their action against any of the defendants and dismissed the complaint in its entirety. The plaintiffs appeal.

On appeal, the plaintiffs do not contest that the general releases bar Gary Zipper's and Zartone's claims against Mat-

thew A. Tedone, individually, and the law firm of Tedone and Tedone. Instead, they argue that their case should be allowed to proceed against the defendant Tedone and Edwards. The plaintiff Roberta Zipper further argues that, since she never signed a release, the Supreme Court erred by dismissing her cause of action against the defendant Matthew A. Tedone and the defendant Tedone and Tedone.

Only an existing partnership may sue or be sued (CPLR 1025; see, Stikeman v Whitman, Requardt & Smith, 272 App Div 627). Since the partnership of Tedone and Edwards dissolved almost six years prior to the commencement of this action, it has long since ceased to exist as a legal entity capable of being named as a defendant in this action.

However, the complaint should not have been dismissed insofar as it asserts a cause of action on behalf of the plaintiff Roberta Zipper against the defendant Matthew A. Tedone. As previously discussed, Roberta Zipper cannot sue the dissolved partnership of Tedone and Edwards, nor can she sue the law firm of Tedone and Tedone since her cause of action accrued prior to the formation of that firm. Her claim against Matthew A. Tedone, however, is not barred by the release executed by her husband. Roberta Zipper never signed a release. In fact, she was not even a party to the action brought by Matthew A. Tedone in 1990. While the general nature of the release executed by Gary Zipper served to extinguish any claim he might have possessed against Matthew A. Tedone (including a claim arising from the sale of the house in Huntington), it did not extinguish his wife's claim, even though the Huntington house was held by the Zippers as tenants by the entirety. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.