In the Matter of PATRICK J. RINE, Respondent-Appellant, v THOMAS F. HIGGINS, as Sheriff of Erie County, et al., Defendants, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, LOCAL 264, et al., Appellants-Respondents. (Appeal No. 1.) In the Matter of PATRICK J. RINE, Respondent-Appellant, v THOMAS F. HIGGINS, as Sheriff of Erie County, et al., Defendants, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, LOCAL 264, Appellant-Respondent. (Appeal No. 2.) [665 NYS2d 165] —Order unanimously reversed on the law with costs to defendants International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 264, Thomas Dziedzic, Kenneth Brzezinski, Angelo Montante, Paul J. Hejna, Edward McDonald, Edward J. Billittier and Daniel Gale, motion denied and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced an action against International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 264, and its officers (Union) and his former employers, the County of Erie, Thomas F. Higgins, Sheriff of Erie County, and the Sheriff's Department of Erie County. Plaintiff sought a declaratory judgment establishing his right to choose an attorney to represent him in a grievance brought by the Union arising out of his discharge as an Erie County deputy sheriff; directing the Union to pay his attorneys' fees with respect to such representation; and enjoining the Union from selecting its own counsel in the arbitration. Two days after the action was commenced, plaintiff obtained an order to show cause seeking the same relief. On August 13, 1996, the return date of the order to show cause, Supreme Court gave the Union three days to prepare and file opposing papers. On August 26, 1996, the Union served its answer in the declaratory judgment action.

By order granted August 27, 1996, the court determined that plaintiff may have his own personal counsel present at all proceedings in the arbitration; that the extent of the participation of plaintiff's counsel at the arbitration "shall be determined by the arbitrator"; and that plaintiff would not be precluded from claiming compensation for attorneys' fees at a later date.

Plaintiff's order to show cause was "essentially a summary judgment motion" in the declaratory judgment action (*Golan v Wise Servs.*, 69 NY2d 343, 345). It is well settled that a motion for summary judgment may not be granted before issue is joined, and there is strict adherence to that requirement (*see,* CPLR 3212 [a]; *City of Rochester v Chiarella,* 65 NY2d 92, 101; *Leff v Leff,* 182 AD2d 401, 402; *Park Ridge Hosp. v Richardson,* 175 AD2d 631). "The requirement that issue be joined before a motion for summary judgment is granted 'is intended to show the court precisely what the plaintiff's claims and the defendant's position as to them, and his defenses, are'" (*Miller v Nationwide Mut. Fire Ins. Co.,* 92 AD2d 723, 724; *see, Saba v Utica Fire Ins. Co.* [appeal No. 1], 176 AD2d 1212). Although, technically, issue was joined the day before the court granted the motion, the principle that summary judgment is premature where the court does not have the benefit of the answer of defendant applies with equal force, where, as here, the record establishes that the court did not consider the answer before it granted the order (*cf., Duell v Hancock,* 83 AD2d 762). "Particularly in an action for declaratory judgment, '[a]ll of the material facts and circumstances should be fully developed before the respective rights of the parties may be adjudicated'" (*Kronish, Lieb, Shainswit, Weiner & Hellman v John J. Reynolds, Inc.,* 33 AD2d 366, 369, quoting *Armstrong v County of Onondaga,* 31 AD2d 735, 736). We therefore reverse and remit the matter to Supreme Court to consider the answer in redetermining the motion.

On the merits, we note that the court should not have permitted the arbitrator to determine the extent of the participation of plaintiff's own attorney in the arbitration proceeding. Plaintiff is not a party to the arbitration and has no independent right to participate. "A union member has no individual rights under a collective bargaining agreement which he can enforce against his employer except through the union" (*Berlyn v Board of Educ.,* 80 AD2d 572, 573, *affd* 55 NY2d 912; *see, Parker v Borock,* 5 NY2d 156, 161). Here, the collective bargaining agreement specifically provides that "only * * * the Union" may seek arbitration. Moreover, because there was no agreement between the Union and plaintiff obligating the Union to

pay plaintiff's attorneys' fees, the court erred in granting that relief as well.

Plaintiff has not pursued the issues raised by his notice of cross appeal and therefore those issues are deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeals from Order of Supreme Court, Erie County, Doyle, J.—Arbitration.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.