MARGARET JANN, Respondent, v JAMES CASSIDY, Appellant. [696 NYS2d 337] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff commenced this action seeking enforcement of those provisions of a divorce judgment granted in Paris, France, allegedly dividing the marital debts equally between the parties. Supreme Court ordered that defendant shall be responsible for one half of the marital debts owed to a list of creditors identified in the complaint.

The order recites that it is "upon motion of the Plaintiff", but it is not clear what motion the court granted. Plaintiff moved for a default judgment based upon defendant's failure to answer or appear in a timely manner. We note that, "[w]here, as here, a party appears and contests an application for entry of a default judgment, CPLR 5511, prohibiting an appeal from an order or judgment entered upon default, is inapplicable, and the judgment predicated upon the party's default is therefore appealable" (*Spatz v Bajramoski*, 214 AD2d 436, citing *Marrocco v Marrocco*, 90 AD2d 989). Plaintiff is not entitled to a default judgment because the record contains no indication that proof of service was filed (*see*, CPLR 3215 [f]; *McKeown v County of Nassau*, 102 AD2d 882), and defendant would be entitled to a hearing on his share of the debts alleged in the complaint (*see, Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572; *Gaylord Bros. v RND Co.*, 134 AD2d 848, 849). In any event, it does not appear that the court granted a default judgment. The order makes no mention of defendant's alleged default and recites that it is "[u]pon all of the prior proceedings heretofore had and filed herein * * * and the Defendant having appeared *pro se*". On appeal, moreover, neither party addressed the order as if a default judgment had been granted. Thus, it appears that the court granted relief to plaintiff on a basis other than defendant's default (*see, Hurd v Hurd*, 89 AD2d 655, 656).

The only other motion of plaintiff appearing in the record is plaintiff's motion by order to show cause, which the court may have treated as a summary judgment motion (*see, Golan v Wise Servs.*, 69 NY2d 343, 345; *Matter of Rine v Higgins*, 244 AD2d 963, 964). The order to show cause was served, however, before issue had been joined (*see*, CPLR 3212 [a]; *Matter of Rine v Higgins, supra*, at 964). Indeed, the order to show cause preceded service of the complaint, at which time a motion for summary judgment would have been premature (*see, Woodworth v Woodworth*, 135 AD2d 1143). Further, the court could not properly convert defendant's motion to dismiss the complaint into a motion for summary judgment because notice thereof was not provided to the parties (*see*, CPLR 3211 [c]; *Markle Found. v Manufacturers Hanover Trust Co.*, 173 AD2d 784, 785-786). In sum, therefore, plaintiff was not entitled to the relief granted based on the motion for a default judgment, the order to show cause or the motion to dismiss the complaint.

Finally, on the merits, we note that the interpretation of the French judgment of divorce and related documents requires expert proof on French matrimonial law (*see, Rawitz v Rawitz,*

31 AD2d 832). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Matrimonial.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.