(October 31, 2002)

JAMES W. PITTS, as President of Common Council of City of Buffalo, Appellant, v CITY OF BUFFALO et al., Respondents. [749 NYS2d 343] —Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered October 9, 2002, which, inter alia, denied plaintiff's request for "accelerated judgment."

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a judgment declaring that both Local Law No. 8 (2002) of City of Buffalo and a redistricting resolution are invalid and permanently enjoining their implementation. Local Law No. 8 and the redistricting resolution were each passed by the City of Buffalo (City) Common Council (Council) on July 23, 2002 and approved by the Mayor of the City on August 22, 2002. The local law amends the Buffalo City Charter (Charter) by reducing the size of the Council from 13 to 9 members, accomplished by eliminating the seats of the Council President and three at-large members, all of whom are elected City-wide, while preserving the seats of those Council members elected district-wide. The redistricting resolution adopts a certain redistricting map redefining the boundaries of the City's nine councilmanic districts in furtherance of the decennial reapportionment process. The reduction in the size of the Council effectuated by

Local Law No. 8 is the subject of a mandatory referendum pursuant to Municipal Home Rule Law § 23 (2) (b) and (e), and the measure is on the ballot for the upcoming election.

Insofar as pertinent to this appeal, the complaint alleges that Local Law No. 8 and the redistricting resolution each violate Municipal Home Rule Law § 20 (4); that Local Law No. 8 and the redistricting resolution, considered together, fail to constitute a "plan," thus violating section 18-14 of the Charter; and that Local Law No. 8 lacked the supermajority vote necessary to place the issue on the ballot as a referendum, thus violating section 23-5 of the Charter. Plaintiff contends on appeal that Supreme Court erred in denying his request for "accelerated judgment" on the complaint pursuant to "Article 32 of the CPLR" and his motion for a preliminary injunction against the implementation of both Local Law No. 8 and the redistricting resolution and, more particularly, against the holding of the imminent City-wide referendum. At oral argument, plaintiff withdrew his contention concerning the preliminary injunction. Thus, we do not reach that contention.

The court properly denied plaintiff's request for "accelerated judgment." CPLR 3212 (a) provides that a "party may move for summary judgment in any action, after issue has been joined." "[T]here is strict adherence to that requirement" (*Matter of Rine v Higgins*, 244 AD2d 963, 964; *see City of Rochester v Chiarella*, 65 NY2d 92, 101), and "[a] court may not entertain a motion for summary judgment prior to joinder of issue" (*Gormel v Prudential Ins. Co. of Am.*, 201 AD2d 950, 951, *lv dismissed* 83 NY2d 1000; *see Fargo v Watertown Educ. Assn.*, 175 AD2d 633). Here, defendants have not yet answered the complaint, and indeed their answering time had not yet begun to run when plaintiff requested "accelerated judgment" by his order to show cause, which he obtained before serving the complaint (*see Jann v Cassidy*, 265 AD2d 873, 874). Plaintiff's request thus was premature (*see Chiarella*, 65 NY2d at 101; *C.S. Behler, Inc. v Daly & Zilch*, 277 AD2d 1002, 1003; *Bedell Co. v New York State Dept. of Taxation & Fin.*, 255 AD2d 997; *Pharmhealth Infusion v Rohm Servs. Corp.* [appeal No. 1], 249 AD2d 950; *Park Ridge Hosp. v Richardson*, 175 AD2d 631; *Delpopolo v Zanghi*, 140 AD2d 930, 932).

Plaintiff contends that summary judgment may be granted pursuant to CPLR 3211 (c), which authorizes conversion of a motion to dismiss to one for summary judgment "[w]hether or not issue has been joined." The requisite notice of the conversion of the cross motion was not given to the parties by the court pursuant to CPLR 3211 (c) (*see Lockheed Martin Corp. v*

*Aatlas Commerce,* 283 AD2d 801, 802). The court therefore lacked power to search the record and grant summary judgment to plaintiff, absent any indication that defendants charted or consented to a summary judgment course (*see Mihlovan v Grozavu,* 72 NY2d 506, 508; *Lockheed Martin Corp.,* 283 AD2d at 802-803; *cf. Tops Mkts. v S&R Co. of W. Seneca,* 275 AD2d 988; *Village of Webster v Monroe County Water Auth.,* 269 AD2d 781, 782). Under the circumstances, defendants must be given the opportunity to answer the complaint and to make an appropriate record on the summary judgment issue (*see Mihlovan,* 72 NY2d at 508; *Bacchiocchi v Ranch Parachute Club,* 273 AD2d 173, 174). Present—Hayes, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.