GUY M. WARD, Doing Business as JOHNSTON EQUIPMENT COMPANY, Respondent, v GUARDIAN INDUSTRIES CORP., Appellant. (Appeal No. 2.) [793 NYS2d 807]—

Appeal from a judgment of the Supreme Court, Ontario

County (Frederick G. Reed, A.J.), entered August 24, 2004. The judgment was entered in favor of plaintiff in the amount of $15,791.41.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the cross motion is denied in its entirety.

Memorandum: Plaintiff, an equipment dealer, commenced this action to recover payment for a piece of equipment known as a gearreducer that he purchased from Marley Cooling Technologies, Inc. (Marley) and then sold to defendant. Defendant had purchased other gearreducers directly from Marley and had ordered the gearreducer from plaintiff after experiencing problems with the other gearreducers. After a dispute over the warranty coverage, defendant and Marley executed a release and settlement agreement pursuant to which defendant would pay a sum to Marley and they would release each other from liability.

Supreme Court properly denied defendant's motion to dismiss the complaint on the ground of release. Defendant failed to establish that Marley had the authority to release plaintiff's claims against defendant or that Marley was acting as plaintiff's representative (*see generally Killian v Metropolitan Life Ins. Co.*, 251 NY 44, 47 [1929]; *Zartone Dev. Co. v Tedone*, 221 AD2d 525, 527 [1995]). Plaintiff did not sign the release and no consideration was tendered to plaintiff. We agree with defendant, however, that the court erred in granting that part of plaintiff's cross motion that sought summary judgment on the complaint and we thus reverse the judgment. "A motion for summary judgment may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *see Gold Medal Packing v Rubin*, 6 AD3d 1084, 1085 [2004]). That part of plaintiff's cross motion that sought summary judgment before defendant answered the complaint was thus premature and should have been denied (*see Gold Medal Packing*, 6 AD3d at 1085; *Pitts v City of Buffalo*, 298 AD2d 1003, 1004 [2002]; *Delpopolo v Zanghi*, 140 AD2d 930, 932 [1988]). Pursuant to CPLR 3211 (c), the court could have treated defendant's motion to dismiss as one for summary judgment and granted relief to either party, but to do so the court was required to give notice to the parties, and it did not give such notice here (*see Pitts*, 298 AD2d at 1004-1005; *Jann v Cassidy*, 265 AD2d 873, 874 [1999]). Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.