■ ANDRES MONTES et al., Appellants, v JOSEPH I. ROSENZWEIG et al., Respondents. [800 NYS2d 444]—

In an action to recover damages for legal malpractice, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Johnson, J.), dated December 2, 2003, which granted the motion of the defendants Joseph I. Rosenzweig and Rosenzweig & Berson, LLP, sued herein as Rosenzweig & Berson, P.C., pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them, (2) as limited by their brief, from so much of an order of the same court dated March 12, 2004, as granted that branch of the motion of the defendant Jeffrey A. Berson which was pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against him, and (3) from a judgment of the same court entered August 4, 2004, which, upon the orders dated December 2, 2003, and March 12, 2004, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof dismissing the complaint insofar as asserted against the defendant Joseph I. Rosenzweig; as so modified, the judgment is affirmed, that branch of the motion of the defendants Joseph I. Rosenzweig and Rosenzweig & Berson, LLP, sued herein as Rosenzweig & Berson, P.C. which was to dismiss the complaint insofar as asserted against the defendant Joseph I. Rosenzweig is denied, the complaint is reinstated against the defendant Joseph I. Rosenzweig, the action against the remaining defendants is severed, and the order dated December 2, 2003 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendant Joseph I. Rosenzweig, and one bill of costs is awarded to the defendant Jeffrey A. Berson payable by the plaintiffs.

The appeals from the intermediate orders dated December 2, 2003, and March 12, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment entered August 4, 2004.

On May 29, 1993, the decedent allegedly sustained injuries to her hip as a result of a faulty elevator in a building owned or operated by the New York City Housing Authority (hereinafter the NYCHA). The same day, the decedent entered into a retainer agreement with the defendant Joseph I. Rosenzweig to prosecute her claim against the NYCHA. The decedent subsequently died, on June 10, 1993, allegedly as a result of complications from her hip injuries. No action had been commenced at the time of death.

Sometime in 1994, with Rosenzweig's help, two of the decedent's relatives, Maria Montes Gaviria and Ines Montes, commenced an action against the NYCHA in the Supreme Court, Queens County. However, because no letters of administration had been issued at that time, the action was dismissed for lack of standing in an order dated September 1, 1995.

On or about December 9, 1996, after trying unsuccessfully to obtain letters of administration, Rosenzweig advised Maria Montes Gaviria that the action had been dismissed in September 1995, and that he was closing the file. Nevertheless, the record contains evidence that Rosenzweig continued, until about February 2003, to assist Maria Montes Gaviria and other distributees of the decedent, including the plaintiff Andres Montes, in obtaining letters of administration, ostensibly for the purpose of prosecuting a claim against the NYCHA.

Finally, on February 15, 2003, Rosenzweig addressed a letter to eight of the decedent's relatives, including the plaintiff Andres Montes. In that letter, Rosenzweig explained that he could not obtain letters of administration for the decedent's estate and that, even if he could, the prospects of reviving the claims against the NYCHA at that time were "not very good, if not impossible." He also mentioned that he was notifying his legal malpractice carrier of the situation and invited the decedent's relatives to discuss the possibility of settlement with him.

The plaintiffs then commenced this legal malpractice action against Rosenzweig, Jeffrey A. Berson, who joined Rosenzweig in May 1997 as an associate, and the law firm formed on January 28, 1998, by Rosenzweig and Berson (hereinafter R&B). Rosenzweig and R&B moved and Berson separately moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint as time-barred and for failure to state a cause of action. The Supreme Court granted both motions.

The first step in determining whether the instant action is time-barred is to understand when the legal malpractice cause of action arose. Here, the complaint alleges that the defendants, in representing one or more of the decedent's distributees, were negligent, inter alia, in failing to obtain letters of administration prior to the expiration of the statute of limitations pertaining to the underlying negligence and wrongful death causes of action against the NYCHA.

The accident that gave rise to the decedent's cause of action against the NYCHA for negligence occurred on May 29, 1993. Such cause of action was governed by the three-year statute of limitations (see CPLR 214 [5]). Therefore, the negligence claim should have been asserted by the decedent (or, after her death, by her estate) before May 29, 1996.

The decedent died on June 10, 1993. Under EPTL 5-4.1, her duly appointed personal representative thereafter had two years to bring a wrongful death claim on behalf of her distributees. Therefore, the wrongful death claim should have been asserted by the personal representative before June 10, 1995.

The defendants contend that the legal malpractice claim accrued on September 1, 1995, when the action commenced against the NYCHA by two of the decedent's relatives was dismissed for lack of standing. This contention is without merit. As previously noted, the estate's negligence cause of action against the NYCHA could have been asserted at any time before May 29, 1996. Thus, the estate could have commenced a new action by that date had Rosenzweig been successful in obtaining letters of administration.

Similarly, the September 1, 1995 dismissal was not fatal to the distributees' wrongful death claim, even though the dismissal occurred more than two years after the decedent's death. Because the action had been timely commenced, the six-month grace period set forth in CPLR 205 (a) extended the limitations period until March 1, 1996 (*see Carrick v Central Gen. Hosp.,* 51 NY2d 242 [1980]).

In sum, the plaintiffs' legal malpractice claim accrued in part on March 1, 1996 and in part on May 29, 1996 (*see Shumsky v Eisenstein,* 96 NY2d 164, 166 [2001] [legal malpractice claim based on expiration of statute of limitation accrues when limitation period expires]).

In light of the foregoing, the Supreme Court properly dismissed the complaint insofar as asserted against Berson and R&B. In support of his motion to dismiss, Berson averred, inter alia, that until May 1997 he was employed as an associate with the law firm of DeVries & Sobiloff, and did not begin working for Rosenzweig until May 1997. He further established, both through his affidavit and through documentary evidence, that R&B was not formed until January 28, 1998. While there is evidence suggesting that R&B may have rendered legal services to the plaintiffs between 2000 and 2003, the inescapable conclusion is that no act or omission by Berson personally, or by R&B generally, could have contributed to the loss of the plaintiffs' causes of action against the NYCHA, which became time-barred in 1996, before Berson ever became professionally associated with Rosenzweig, and well before R&B came into existence (*see Zartone Dev. Co. v Tedone,* 221 AD2d 525, 527 [1995]).

The Supreme Court erred, however, in dismissing the complaint insofar as asserted against Rosenzweig. As stated previously, the legal malpractice cause of action in this case accrued in part on March 1, 1996 and in part on May 29, 1996. Effective September 4, 1996 (*see* L 1996, ch 623; *Brothers v Florence,* 95 NY2d 290, 306 [2000]), those claims became subject to the three-year statute of limitations (*see* CPLR 214 [6]). Thus, the plaintiffs' legal malpractice cause of action ordinarily would have been time-barred in 1999. It is well settled, however, that the three-year statute of limitations applicable to legal malpractice claims may be tolled by operation of the continuous representation doctrine, provided that "the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (*Shumsky v Eisenstein, supra* at 168). Here, the plaintiffs alleged facts which, if proven, would establish that the statute of limitations was tolled by application of the continuous representation doctrine. Specifically,

the plaintiffs alleged a continuing attorney-client relationship between Rosenzweig and one or more of the decedent's relatives, the purpose of which was to obtain letters of administration in order to prosecute negligence and wrongful death claims against the NYCHA in connection with the decedent's May 1993 accident.

The alleged malpractice arose because of Rosenzweig's failure to obtain letters of administration prior to the expiration of the statute of limitations pertaining to the underlying negligence and wrongful death causes of action. Nevertheless, even after the legal malpractice claim accrued, the plaintiffs allege that Rosenzweig lulled the decedent's relatives into believing that an action could still be commenced against the NYCHA after letters of administration were obtained. Only on February 15, 2003—nearly six years after the accrual of the legal malpractice claim—did Rosenzweig finally inform the plaintiff Andres Montes and the decedent's other distributees that the prospects of reviving the action against the NYCHA were "not very good, if not impossible." Under those circumstances, the complaint should not have been dismissed insofar as asserted against Rosenzweig.

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.