Van Ostrand v Latham (2023 NY Slip Op 06629)

Van Ostrand v Latham

2023 NY Slip Op 06629

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

834 CA 23-00094

[*1]LEIGH VAN OSTRAND, PLAINTIFF-APPELLANT,
v
PETER LATHAM, DEFENDANT-RESPONDENT. 

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (John B. Gallagher, Jr., J.), entered November 30, 2022. The order granted the motion of defendant to dismiss the complaint "and/or" for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced an action for divorce against defendant in January 2019. In April 2021, plaintiff and defendant entered into a Divorce Settlement Agreement (Agreement), and a September 2021 judgment of divorce incorporated but did not merge the Agreement. In section XIV of the Agreement, defendant denied any financial wrongdoing "with regard to assets involving investments made over the course of the marriage, including but not limited to a total of 20 gold ingots which [defendant] represents were sold by him to finance the construction of an addition to the former marital residence." That section further provided that defendant "represents that 20 ingots was the total quantity purchased and no ingots remain."
In August 2022, plaintiff commenced this action seeking to set aside the Agreement. She alleged that the representation made by defendant in section XIV of the Agreement was fraudulent. She alleged that she obtained 53 invoices dated May 1996 through December 2002 that reflected purchases of 120 gold ingots by defendant during the marriage, despite his representation that only 20 gold ingots ever existed. Plaintiff further alleged that she obtained various financial records showing that certain marital funds that defendant had exclusive control over were not accounted for, and she set forth in detail six different instances of missing funds. As a first cause of action, plaintiff asserted that defendant committed fraud by making a material misrepresentation of an existing fact in section XIV of the Agreement. As a second cause of action, plaintiff asserted that defendant's fraudulent concealment resulted in an agreement that was manifestly unjust. Defendant moved to dismiss the complaint "and/or" for summary judgment dismissing the complaint. Supreme Court, inter alia, granted defendant's motion and dismissed the complaint. We now affirm.
Initially, we agree with plaintiff, and defendant correctly concedes, that defendant's motion to the extent it sought summary judgment was improper inasmuch as issue had not been joined (see CPLR 3212 [a]; Coolidge Equities Ltd. v Falls Ct. Props. Co., 45 AD3d 1289, 1289 [4th Dept 2007]). Defendant also moved, however, pursuant to CPLR 3211 to dismiss the complaint. On a motion to dismiss pursuant to CPLR 3211 (a) (7), we "must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . 'the benefit of every possible favorable inference' " (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, [*2]19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]). "A movant contending that a pleading fails to state a cause of action pursuant to CPLR 3211 (a) (7) may submit affidavits and evidence to demonstrate conclusively that the plaintiff does not have a cause of action" (Stuber v Stuber, 209 AD3d 1297, 1297 [4th Dept 2022]; see Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 88-90 [4th Dept 2015]; see also Simkin v Blank, 19 NY3d 46, 52 [2012]).
It is well settled that "[m]arital settlement agreements are judicially favored and are not to be easily set aside" (Simkin, 19 NY3d at 52). "[A separation agreement] or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Johnson v Ranger, 216 AD3d 925, 925 [2d Dept 2023] [internal quotation marks omitted]; see Suchow v Suchow, 157 AD3d 1015, 1016 [3d Dept 2018], appeal & lv dismissed 31 NY3d 1075 [2018]). In a cause of action for fraudulent inducement, the plaintiff must allege that "(1) [the defendant] made a representation or a material omission of fact which was false and the [defendant] knew to be false, (2) the misrepresentation was made for the purpose of inducing the [plaintiff] to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury" (Shah v Mitra, 171 AD3d 971, 975 [2d Dept 2019]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
We conclude the court properly dismissed the complaint because defendant's evidentiary submissions and plaintiff's admissions to them conclusively established that she has no cause of action for fraud inasmuch as she could not have justifiably relied on the alleged fraudulent representations (see generally Suchow, 157 AD3d at 1016-1017; cf. Kumar v Kumar, 96 AD3d 1323, 1326 [3d Dept 2012]). With respect to the alleged missing funds, plaintiff was aware before she entered into the Agreement that the financial records in her possession and the reports from the certified public accountant she retained showed that there was unaccounted-for money, specifically the six instances set forth in the complaint. With respect to the gold ingots, the invoices show that the ingots were purchased by the business jointly owned by plaintiff and defendant and not, as plaintiff alleged in the complaint, by defendant personally. In any event, plaintiff admitted that she was aware that there were at least 24 gold ingots at the time defendant represented that there were only 20. In addition, plaintiff admitted that she had access to the financial records during the marriage, and indeed filed all of them in "banker boxes" that were kept in the marital residence, which would include the 53 invoices showing the purchase of 120 ingots.
We have considered plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court