Klymn v Supreme Ct., Monroe County (2025 NY Slip Op 04351)

Klymn v Supreme Ct., Monroe County

2025 NY Slip Op 04351

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, DELCONTE, AND HANNAH, JJ.

480 CA 24-00817

[*1]REBECCA J. KLYMN, PLAINTIFF-APPELLANT,
v
SUPREME COURT, MONROE COUNTY, UNIFIED COURT SYSTEM OF STATE OF NEW YORK, OFFICE OF COURT ADMINISTRATION AND OFFICE OF THE MANAGING INSPECTOR GENERAL FOR BIAS MATTERS, DEFENDANTS-RESPONDENTS. 

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), AND LAW OFFICE OF ANNA MARIE RICHMOND, BUFFALO, FOR PLAINTIFF-APPELLANT.
DAVID NOCENTI, OFFICE OF COURT ADMINISTRATION, NEW YORK CITY (PEDRO MORALES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Michael Siragusa, A.J.), entered April 30, 2024. The order granted defendants' motion to dismiss plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated. Memorandum: Plaintiff, the former secretary to a former New York State Supreme Court Justice, commenced this action against Supreme Court, Monroe County, Unified Court System of the State of New York, Office of Court Administration, and Office of the Managing Inspector General for Bias Matters (collectively, defendants) alleging, inter alia, that defendants discriminated against her on the basis of sex in violation of the Human Rights Law ([NYSHRL] Executive Law § 290 et seq.), in relation to alleged sexual abuse and harassment of plaintiff by the former Justice. Plaintiff now appeals from an order that, inter alia, granted defendants' pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (c) on the grounds that, inter alia, plaintiff was not defendants' employee and therefore defendants were not liable under the NYSHRL. We reverse the order, deny the motion, and reinstate the complaint.
Initially, absent from the record is any indication that Supreme Court, Erie County, provided adequate notice to the parties that it was treating defendants' motion as one for summary judgment and we therefore review plaintiff's contentions in the context of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Ward v Guardian Indus. Corp., 17 AD3d 1100, 1101 [4th Dept 2005]; Costanza Constr. Corp. v City of Rochester, 135 AD2d 1111, 1111-1112 [4th Dept 1987]). Here, we agree with plaintiff that the complaint states a cause of action against defendants for a violation under the NYSHRL. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), [this Court] must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . the benefit of every possible favorable inference" (Van Ostrand v Latham, 222 AD3d 1382, 1383 [4th Dept 2023] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). "The court may also consider affidavits and other evidentiary material to establish conclusively that plaintiff has no cause of action" (Tauro v Gait, 158 AD3d 1261, 1262 [4th Dept 2018] [internal quotation marks omitted]). Additionally, as with the allegations of the complaint, this Court must accept as true plaintiff's submissions in opposition to the motion (see id.).
Supreme Court granted defendants' motion because it determined, inter alia, that "[t]he evidentiary proof conclusively establishes that . . . plaintiff was not the employee of any of the named defendants." Here, however, "accept[ing] the facts as alleged in the complaint as true [and] accord[ing] plaintiff[ ] the benefit of every possible favorable inference" (Stevens v Perrigo, 122 AD3d 1430, 1430 [4th Dept 2014] [internal quotation marks omitted]), we conclude that plaintiff sufficiently alleged that defendants were plaintiff's employers (see Griffin v Sirva, Inc., 29 NY3d 174, 186 [2017]; see State Div. of Human Rights v GTE Corp., 109 AD2d 1082, 1083 [4th Dept 1985]). "[T]he really essential element of the relationship is the right of control, that is, the right of one person, the master, to order and control another, the servant, in the performance of work by the latter" (Griffin, 29 NY3d at 186 [internal quotation marks omitted]; see also PB-20 Doe v St. Nicodemus Lutheran Church, 228 AD3d 1233, 1234 [4th Dept 2024]). We conclude that plaintiff sufficiently alleged an employment relationship by alleging factors including that defendants paid plaintiff's salary (see GTE Corp., 109 AD2d at 1083) and had the power to control plaintiff's conduct (see generally PB-20 Doe, 228 AD3d at 1234-1235).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court