Gregg v Community Care Companions, Inc. (2026 NY Slip Op 00752)

Gregg v Community Care Companions, Inc.

2026 NY Slip Op 00752

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

999 CA 25-00643

[*1]FRANCES GREGG, ET AL., PLAINTIFFS-APPELLANTS,
vCOMMUNITY CARE COMPANIONS, INC., ALEXANDER J. CARO AND MARK GATIEN, DEFENDANTS-RESPONDENTS. 

GLADSTEIN, REIF & MEGINNISS, LLP, NEW YORK CITY (JESSICA E. HARRIS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
JACKSON LEWIS P.C., MELVILLE (BRIAN J. SHENKER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Raymond W. Walter, J.), entered February 7, 2025. The order granted defendants' motion to dismiss plaintiffs' amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated.
Memorandum: Plaintiffs, current and former home care workers employed by defendant Community Care Companions, Inc. (CCC), commenced this action against CCC and defendants Alexander J. Caro and Mark Gatien, who are corporate officers of CCC, alleging that defendants failed to provide plaintiffs with wage notices and to compensate plaintiffs for working split shifts and a spread of hours in violation of Labor Law § 195 (1) and 12 NYCRR 142-2.4. Plaintiffs now appeal from an order that granted defendants' pre-answer motion to dismiss the amended complaint on the grounds that plaintiffs lack standing and failed to sufficiently plead their causes of action under Labor Law § 195 (1) and 12 NYCRR 142-2.4, and that Caro and Gatien, as corporate officers, cannot be individually liable under New York Labor Law. We reverse.
Initially, we agree with plaintiffs that Supreme Court erred in granting the motion with respect to the Labor Law § 195 (1) cause of action for lack of standing inasmuch as plaintiffs had statutory standing and were not required to allege actual injury (see Labor Law §§ 195 (1); 198 [1-b]; see also Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 185 [1973], rearg denied 33 NY2d 178 [1973]).
We also agree with plaintiffs that the court erred in granting the motion with respect to the Labor Law § 195 (1) and 12 NYCRR 142-2.4 causes of action pursuant to CPLR 3211 (a) (7). "On a motion to dismiss pursuant to CPLR 3211 (a) (7), [this Court] must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . the benefit of every possible favorable inference" (Van Ostrand v Latham, 222 AD3d 1382, 1383 [4th Dept 2023] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Here, accepting the facts as alleged in the amended complaint as true and according plaintiffs the benefit of every possible favorable inference (see Stevens v Perrigo, 122 AD3d 1430, 1431 [4th Dept 2014]), we conclude that plaintiffs sufficiently alleged facts to support plaintiffs' claims that defendants did not provide plaintiffs with notice containing the information required under Labor Law § 195 (1) and that defendants failed to pay plaintiffs as required under 12 NYCRR 142-2.4 (see generally Connaughton v Chipotle Mexican Grill, Inc., [*2]29 NY3d 137, 141-142 [2017]).
Finally, we agree with plaintiffs that the court erred in granting that part of the motion seeking dismissal of the amended complaint against Caro and Gatien. "[C]orporate . . . officers generally may not be subjected to civil liability for corporate violations of the Labor Law absent allegations that such persons exercised control of the corporation's day-to-day operations by, for example, hiring and firing employees, supervising employee work schedules, and determining the method and rate of pay" (Lomeli v Falkirk Mgt. Corp., 179 AD3d 660, 663 [2d Dept 2020]; see Interstate Home Loan Ctr., Inc. v United Mtge. Corp., 206 AD3d 708, 710 [2d Dept 2022]). Here, the amended complaint adequately alleged that Caro and Gatien exercised control over the day-to-day operations of CCC inasmuch as they had final decision-making authority over all organization matters within CCC, including the hiring, firing, and discipline of all personnel, their wage rates and method of pay, and the terms and conditions of their employment.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court